## Malcom J. Neer, Defendant in Error, v. Edward B. Pryor, Receiver, Plaintiff in Error.

### (Not to be reported in full.)

Error to the Circuit Court of Champaign county; the Hon. FRANKLIN H. BOGGS, Judge, presiding. Heard in this court at the April term, 1915. Reversed and remanded. Opinion filed October 13, 1915.

### Statement of the Case.

Action by Malcom J. Neer, plaintiff, against Edward B. Pryor, receiver of the Wabash Railroad Company, defendant, for personal injuries. To review a judgment for plaintiff, defendant prosecutes a writ of error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

THOMAS J. SMITH and N. S. BROWN, for plaintiff in error.

GREEN & PALMER, for defendant in error; ORIS BARTH, of counsel.

MR. JUSTICE THOMPSON delivered the opinion of the court.

## Abstract of the Decision.

1. RAILROADS, § 587*—*when negligence of defendant in blowing off steam near horse on highway question for jury.* In an action for personal injuries alleged to have resulted from the plaintiff's horse, while being driven along a public highway parallel to the right of way of the defendant railway company, becoming frightened by steam allowed to escape from a passing engine onto the highway and enveloping the horse, the question whether the defendant was either negligent or wilful in blowing off steam in the manner and place alleged, *held* for the jury.

2. RAILROADS—*when liable for personal injuries resulting from frightening of horses.* A railroad is responsible for personal injuries caused by the frightening of horses by unnecessary noises made in the negligent and reckless running of trains, or when such noises are made in a wanton, wilful or malicious manner in disregard of a traveler's right on the highway.

3. RAILROADS, § 582*—*when evidence sufficient to sustain verdict for plaintiff in action for personal injuries due to frightening of horse.* In an action for personal injuries alleged to have resulted from the plaintiff's horse, while being driven along a public highway parallel to the right of way of the defendant railway company, becoming frightened by steam allowed to escape from a passing engine on to the highway and enveloping the horse, evidence *held* sufficient to sustain a verdict for the plaintiff.

4. EVIDENCE, § 436*—*when objection to question put to expert witness properly sustained.* In an action for personal injuries alleged to have resulted from the plaintiff's horse becoming frightened by steam blown from a railroad locomotive, an objection to a question, addressed to an expert witness, as to whether, in his experience, the amount of steam, which was shown by the plaintiff's testimony to have been blown out was any more than ordinarily necessary in the operation of trains, where it becomes necessary to blow off steam

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

frequently, *held* properly sustained, since it could not be known on what the answer of the witness would be based, as that would depend on how much of the plaintiff's evidence he had heard and his recollection and construction thereof.

5. TRIAL, § 91*—*when general objection to question put to witness insufficient.* In an action for personal injuries, on the issue as to whether steam had been negligently blown off from the defendant's engine at a certain time and place, a general objection to questions put to the engineer as to the condition of the pipes and engine with reference to the necessity of blowing off steam in order to successfully operate the engine, and as to his recollection with respect to the condition of the engine for proper and safe use at the time in question, and as to the quality of the water taken into the engine shortly prior thereto, *held* improperly sustained.

6. RAILROADS, § 593*—*when instruction in action for personal injuries not improper as being inapplicable to evidence.* In an action against a railroad company for damages for personal injuries due to frightening plaintiff's horse, under a complaint alleging a wilful, intentional, and malicious act of the defendant as the cause of the injury sustained, an instruction as to defendant's liability on such issue, *held* not improper because there was no evidence of malice shown, since malice does not necessarily mean an intention to injure but may be a reckless disregard of the rights of others.

7. RAILROADS, § 593*—*when requested instruction on degree of care proper.* In an action for personal injuries alleged to have resulted from the negligent act of a railroad company's locomotive engineer in blowing steam from his engine so as to frighten the plaintiff's horse, being driven on a highway adjacent to the company's right of way, *held* that a requested instruction that, in determining the liability of the defendant, it should be treated not as a common carrier but as an ordinary owner of land and subject to no greater degree of care than would be a private owner of land abutting on the highway under the same circumstances, was correct and should have been given, although stating an abstract proposition of law.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.