Harrold v. Clinton Gas & Electric Co., 205 Ill. App. 12.

## Otto Harrold, by Amos Harrold, Appellee, v. Clinton Gas & Electric Company, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of De Witt county; the Hon. GEORGE A. SENTEL, Judge, presiding. Heard in this court at the October term, 1916. Reversed and remanded. Opinion filed April 16, 1917.

## Statement of the Case.

Action by Otto Harrold, a minor, by Amos Harrold, his next friend, plaintiff, against the Clinton Gas & Electric Company and the National Telephone & Electric Company, defendants, to recover damages for per-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

sonal injuries sustained by plaintiff from certain wires of the defendants in contact. From a judgment for plaintiff against the defendant Clinton Gas & Electric Company for $1,250, and for the defendant National Telephone & Electric Company on a directed verdict, defendant Clinton Gas & Electric Company appeals.

L. W. INGHAM, HERRICK & HERRICK and F. K. LEMON, for appellant.

E. J. SWEENEY and L. O. WILLIAMS, for appellee.

MR. JUSTICE ELDREDGE delivered the opinion of the court.

## Abstract of the Decision.

1. NEGLIGENCE, § 53*—*when contributory negligence of another no defense*. A defendant is liable when guilty of the negligence charged without regard to whether the negligence of another also contributed to the injury.

2. NEGLIGENCE, § 223*—*when instruction on liability where negligence of another contributes to injury, correct*. In an action to recover damages for personal injuries, an instruction that to recover in the case it must be shown by the greater weight of the testimony that the negligent act or omission of the defendant was the cause which produced the injury, if any, but that it need not have been the sole cause, and that it was sufficient if it concurred with some other cause acting at the same time which, in combination with it, caused the injury, or that it set in motion a chain of circumstances and operated on them in continuous sequence unbroken by any new or independent cause, *held* to be correct.

3. DAMAGES, § 213*—*when instruction in action for personal injuries not misleading*. In an action to recover damages for personal injuries, where an instruction was to the effect that in assessing damages, upon finding for the plaintiff, the jury had the right to consider the character and extent of such injuries, if any, which were proven by the evidence, the pain and suffering endured, if any were proven, and the permanent character of the injuries, if the evidence showed the plaintiff was permanently injured, *held* that there was nothing in such instruction nor in the evidence which could lead the jury to believe that they were authorized to assess damages for injury to plaintiff's earning power during his

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

minority and in the instruction to mislead the jury into assessing damages on account of plaintiff's nervous condition shown in the evidence, in view of the further instruction that such damages could not be allowed.

4. DAMAGES, § 206*—*when instruction erroneous as not conforming to evidence in action to recover for personal injuries.* In an action to recover damages for personal injuries, an instruction that the jury in assessing damages, on finding for the plaintiff, must estimate same from the facts and circumstances in proof and by considering them in connection with their knowledge, observation and experience in the ordinary affairs of life, *held* erroneous under a declaration alleging plaintiff had incurred expense of four hundred dollars in and about attempting to be cured where there was no evidence of any expense incurred by plaintiff but only that he had been treated by several physicians.

5. DAMAGES, § 189*—*necessity of proof of medical services.* Medical services are capable of definite proof and if recovery is sought therefor, in an action to recover damages for personal injuries, such proof must be made and the jury have no right to assess such damages from their own knowledge, observation and experience in the affairs of life.

6. DAMAGES, § 250*—*when excessive verdict cured by remittitur.* In an action to recover damages for personal injuries, *held* that any error of the jury in assessing a considerable portion of the damages under an erroneous instruction was curable by remittitur.

7. ELECTRICITY, § 26*—*when ordinance prohibiting entry on school grounds inadmissible in action against electric companies for negligent injuries.* In an action by a minor child against two electric companies to recover damages for personal injuries sustained by plaintiff from wires of defendants' in contact when he went, while at play in the street, upon certain school property to recover a ball which had bounced thereon, an ordinance of the city prohibiting any person from going upon property used for school purposes under a penalty, excepting those attending the school and others going on such property for the transaction of any lawful business, *held* to be properly excluded.

8. INFANTS, § 24*—*liability for crime.* A child eight years of age cannot be guilty of any crime or misdemeanor.

9. DAMAGES, § 133*—*when verdict excessive.* In an action by a child eight years of age to recover damages for personal injuries, where the injuries consisted only of some deformity of the first joint of one finger, some pain and suffering, and several scars on the body not visible when plaintiff was clothed, a verdict for $1,250 *held* excessive to the extent of $400.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.