**MISSOURI K. & T. RY. CO. v. PERINO.**

No. 16291—Opinion Filed March 16 1926.

Rehearing Denied June 15, 1926.

1. **Railroads—Permitting Cars to Obstruct View at Crossing—Negligence.**

If a railroad company, in the ordinary conduct of its business, leaves freight cars standing upon a side-track at or near a public crossing, so as to partially obstruct the view of persons passing over such crossing, such fact of itself does not render the company liable for accidents occurring at the crossing, but merely imposes a duty of greater care both upon the company and upon those using the highway. Paragraphs 4 and 5 of the syllabus of Missouri, K. & T. Ry. Co. v. Perino, 89 Okla. 136, 214 Pac. 907, are expressly overruled.

2. **Negligence — Instructions — Defining Contributory Negligence.**

The court should define the meaning of the term "contributory negligence," as used in the Constitution, and leave it to the jury to say whether the plaintiff's negligence had or had not contributed to the injuries complained of.

3. **Same—Proximate Cause to be Defined.**

In a suit for personal injuries, the question whether defendant's negligence is the proximate cause of the injury sustained should be left to the jury, where the evidence is conflicting, or where men of ordinary intelligence might differ as to the effect of the evidence on a point. The court should define proximate cause to enable the jury to determine whether the negligence alleged was the proximate cause, since in order for negligence to create liability, it must be the proximate cause of the injury.

(Syllabus by Estes, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Coal County; J. H. Linebaugh, Judge.

Action by Maggie Perino against the Missouri, Kansas & Texas Railway Company for wrongful death of her son. Judgment for plaintiff, and defendant brings error. Reversed.

M. D. Green and H. L. Smith, for plaintiff in error.

Moore & West, for defendant in error.

Opinion by ESTES, C. Parties will be referred to as they appeared in the trial court, inverse to their order here. Plaintiff had judgment against defendant railway company for $1,000 damages for the death of her son by the alleged negligence of defendant. A former judgment for plaintiff was reversed by this court (89 Okla. 136, 214 Pac. 907). Decision of this appeal requires reference both to the facts and law contained therein. The identical evidence in the former trial was resubmitted to the jury, wherefore we shall not here restate this case. Defendant properly saved the record and requested instructions on the issues herein

discussed, though we do not here set out or hold that all of defendant's voluminous requested instructions are correct.

1. That decision is also the law of the instant appeal, except as to paragraphs 4 and 5 of the syllabus, which paragraphs are hereby specifically overruled. As shown by that opinion, some coal cars were parked about 10 or 15 feet south of the sidewalk on the south side of the street, but not upon the public crossing. Therefore, the rule of negligence of the company, in leaving cars upon a public crossing for short periods of time when necessary, is not involved in this case. A requested instruction occcasioned said paragraphs 4 and 5. Nor is the rule that liability of a railway company, for injuries occasioned by collision at a highway crossing, may be founded upon the negligence in allowing unnecessary obstructions to vision to exist upon its right of way, such as hedges, weeds and the like (Recardo et al. v. Central Coal & Coke Co. et al. [Kan.] 171 Pac. 351), involved in the instant case. The applicable rule is found in the third paragraph of said syllabus. Briggeman v. Ill. Cent. R. Co. (Iowa) 134 N. W. 1079. Since this cause must be reversed for new trial, the court should submit to the jury by proper instruction, according to said paragraph 3 of the syllabus of said opinion, whether the company and deceased discharged the greater duty and care imposed upon them by the fact of such coal cars being so parked. Such instruction was not given.

2. The court failed to define contributory negligence, or properly submit it to the jury by instruction. The meaning of this term was explained to the jury, if at all, only by inference in certain instructions. This was error. Mascho v. Hines, 91 Okla. 295, 217 Pac. 856. Contributory negligence is a constitutional defense. The term should be defined in the instructions of the court. It should be left to the jury to say whether the plaintiff's negligence had or had not contributed to the injuries complained of. Wichita Falls Ry. Co. v. Woodman, 64 Okla. 326, 168 Pac. 209.

3. Neither did the court, except in a general way, instruct the jury as to proximate cause. We cannot say as matter of law, that all of the evidence favorable to plaintiff, together with all inferences and conclusions to be reasonably drawn therefrom, is sufficient to establish a causal connection between the alleged negligence of defendant and the injury by which decedent met his death. In a suit for personal injuries, the question whether defendant's negligence is the proximate cause of the injury sustained, should be left to the jury where the evidence is conflicting, or where men of ordinary intelligence might differ as to the effect of the evidence on the point. Incorporated Town of Sallisaw v. Wells, 90 Okla. 78, 216 Pac. 118. It is well settled that, in order for negligence to create liability, it must be the proximate cause of the injury, and the failure of the court so to instruct the jury will cause a reversal of the judgment, unless the evidence is such that no other verdict could properly be rendered. Gulf, Colo. & S. F. Ry. Co. v. Williams (Tex. Civ. App.) 39 S. W. 967. In the instant case, we deem it particularly important that the court should define proximate cause in order that the jury may determine whether the negligence alleged was the proximate cause.

There is no merit in the contention of defendant that the court erred in failing to instruct the jury as to the duty of deceased in approaching the crossing. While the instruction could have been more explicit, same accords with the rules in said former opinion. It is contended by defendant that there was not sufficient evidence to take the case to the jury on negligence in failing to sound whistle and bell and running the train at excessive speed. Said former opinion holds the evidence sufficient on these questions, and approves withdrawing from the jury any negligence for failure to keep a watchman at the crossing. This case is so close under the facts as to require very explicit and somewhat detailed instructions as to the law. It is to be regretted that still another trial is necessary. However, it is more important that the very rights of the parties be adjudged according to law.

Let the judgment be reversed, and the cause remanded for new trial, in accordance with the views herein and those of such former opinion.

By the Court: It is so ordered.

Note.—See under (1) 33 Cyc. pp. 934, 935; anno. 12 L. R. A. (N. S.) 1068; 15 A. L. R. 902; 22 R. C. L. p. 995; 3 R. C. L. Supp. p. 1299; 4 R. C. L. Supp. p. 1482. (2) 29 Cyc. pp. 640, 653. (3) 29 Cyc. pp. 488, 639, 651; 22 R. C. L. p. 148; 3 R. C. L. Supp. p. 1240; 4 R. C. L. Supp. p. 1458; 5 R. C. L. Supp. p. 1196.