Mattie Oswald, Appellee, v. Illinois Central Railroad Company, Appellant.

Opinion filed July 26, 1929.

KRAMER, KRAMER & CAMPBELL and R. E. COSTELLO, for appellant; VERNON W. FOSTER, of counsel.

LOUIS BEASLEY and EDWARD C. ZULLEY, for appellee.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

Near the east end of the Free Bridge connecting St. Louis and East St. Louis, appellant has several tracks which pass under the said bridge. Between ten and eleven o'clock at night on February 11, 1927, appellee and her husband were driving east across the bridge when they observed a large volume of dense black smoke ahead of them. They stopped the car and waited for ten or twelve minutes for the smoke to clear away and while so waiting another car came up from the west and struck their car, the driver not being able to see appellee's car on account of the smoke. Appellee then got out of the car and went to the rear of it to see what damage had been done, and while she was between the two cars a third car came up and struck the second and caught her between the cars and she was severely injured. The driver of that car was unable to see the cars ahead of him on account of the smoke. At the time appellee and her husband stopped on the

bridge, the smoke was crossing the bridge to the north and while they waited the wind shifted and the smoke enveloped them.

The smoke was coming from an engine of appellant's which was standing on one of its tracks just a short distance south of the bridge and according to the evidence offered by appellee, and which seems to be undisputed, this dense black smoke had been coming from the engine for ten or twelve minutes before appellee's car was struck. The declaration set up the foregoing facts and the trial resulted in a verdict and judgment for $5,000.

Appellant contends that it was not guilty of negligence, that the smoke from the engine was but the natural result of the conduct of its business. If an engineer carelessly and negligently permits steam to escape from his engine at or near a highway crossing when a horse-drawn vehicle is approaching and a team is thereby caused to run away and injury results, the railroad company is liable. *Toledo, W. & W. Ry. Co. v. Harmon,* 47 Ill. 298; *Chicago & A. R. Co. v. Heinrich,* 157 Ill. 388; *Ft. Wayne Cooperage Co. v. Page,* 23 L. R. A. (N. S.) 946, note. In an action for personal injuries alleged to have resulted from the plaintiff's horses, while being driven along a public highway parallel to the right of way of the defendant railway company, becoming frightened by steam allowed to escape from a passing engine on to the highway and enveloping the horses, the question whether or not the defendant was negligent in blowing off steam in the manner and place alleged was a question of fact for the jury. *Neer v. Pryor,* 201 Ill. App. 79.

We are of the opinion that if appellant permitted its engine to stand so near to the bridge and unnecessarily permitted a large volume of dense black smoke to pass across the bridge, enveloping cars and drivers thereon, for ten or twelve minutes, we would not be

warranted in holding that no negligence was proven. No excuse was shown for the engine standing in one place for ten or twelve minutes emitting large quantities of black smoke. Under the circumstances of this case we think it was a question of fact for the jury and that the verdict should not be disturbed unless for other reasons.

Appellant contends that appellee was guilty of contributory negligence which was the proximate cause of her injury. We are also of the opinion that this was a question of fact for the jury.

The next contention is that the court gave to the jury improper instructions on behalf of appellee. The seventh instruction was to the effect that when it is said in the instructions that the plaintiff was required to exercise ordinary care for her own safety, it is meant that she was required to exercise that degree of care which an ordinarily prudent person, situated as she was, before and at the time of the accident, would have exercised, for his or her own safety. It is argued that this instruction was bad because it confined appellee's due care to the time before and at the time of the accident. Appellant's eighth given instruction informed the jury that the plaintiff was required to prove that she was in the exercise of due care and caution to avoid injury "immediately before and at the time of the accident in question." There is no material difference between the two instructions and appellant has no cause to complain of appellee's seventh given instruction.

Appellee's ninth and tenth given instructions informed the jury as to what constitutes proximate cause. It has been said to be the general rule that what is the proximate cause of an injury is ordinarily a question for the jury, the court instructing them as to what the law requires to constitute it, and the jury applying the law to the facts. 22 R. C. L. 148. The

court should define proximate cause to enable the jury to determine whether the negligence alleged was the proximate cause, since, in order for negligence to create liability, it must be the proximate cause of the injury. *Missouri, K. & T. Ry. Co. v. Perino,* 118 Okla. 138, 247 Pac. 41.

The only criticism of appellee's ninth instruction is that it would lead the jury to believe that inasmuch as an accident and an injury had occurred, it must appear from the evidence that it was the natural and probable consequence of appellant's negligence. It is said that the instruction directs a verdict in stating to the jury that the mere fact that an injury has occurred that it must appear that it was the natural and probable consequence of appellant's negligence. The instruction was clearly intended to simply inform the jury as to what would constitute the proximate cause of the injury complained of and nothing more. It does not assume that appellant was negligent and it does not direct a verdict. The criticism of this instruction is not well founded.

Appellee's tenth instruction informs the jury as to the rules of law for determining whether appellant's alleged negligence was the proximate cause of the injury. It does not assume that appellant was negligent and it does not direct a verdict. The only criticism made by appellant is that this instruction might lead the jury to believe that if appellee was guilty of negligence and her negligence was one of the causes which acted at the same time and in combination with appellant's alleged negligence that then she could recover. Appellant's sixth and eighth given instructions informed the jury that if appellee was guilty of negligence which contributed to her injury, she could not recover. While the instruction may not be technically accurate, yet as it did not direct a verdict and the jury was fully instructed, we are of the opinion there was

no reversible error. A similar instruction was approved in *Harrold v. Clinton Gas & Electric Co.*, 205 Ill. App. 12, and in *Ft. Worth D. C. Ry. Co. v. Morrow* (Texas), 255 S. W. 674.

We are of the opinion that none of the objections urged against the instructions aforesaid is of such a nature as would require a reversal. No reversible error having been pointed out, the judgment is affirmed.

*Affirmed.*