THOMPSON, Trustee, v. COOPER, Adm'r.

No. 30653. Jan. 26, 1943.

Rehearing Denied March 23, 1943.

*135 P. 2d 49.*

Thomas B. Pryor, W. L. Curtis, and Thomas Harper, all of Fort Smith, Ark., for plaintiff in error.

Kight & Kight and W. M. Hall, all of Claremore, and R. A. Wilkerson and Ben L. Murdock, both of Pryor, for defendant in error.

WELCH, J. The defendant, as plaintiff in error herein, urges that there is no positive evidence, or reasonable inference to be drawn from any evidence, to show that it was guilty of any negligence resulting in the death of plaintiff's decedent, or that it failed to perform any duty owing to deceased.

The evidence fairly discloses the following: Lloyd L. Bond, the driver of an automobile, was killed as a result of a collision with defendant's through freight train. The collision occurred at a grade crossing at the north boundary line of the city of Claremore about 10 o'clock p. m. The train was passing through Claremore in a northerly direction. The automobile was traveling east. The impact of the collision demolished the automobile and the wreckage and the bodies of the two passengers came to rest on the west side of the railway tracks some 300 feet north of

the point of the impact. No person now living witnessed the collision, save the locomotive fireman, whose first knowledge of anything amiss was when he saw the headlights of an automobile upended near the window of his cab. He then informed the engineer, and the 41-car train was brought to a stop by a service application of the brakes. The train came to a stop at a point when the caboose was some 50 or 60 feet south of the wrecked automobile.

Both occupants of the automobile died without making any statements concerning the circumstances of the collision.

At the grade crossing where the collision occurred there is a switch or interchange track by means of which cars or trains are interchanged to the Frisco line, which crosses defendant's line some 500 or 600 feet south of the point of collision. This interchange track is some 15 feet west of defendant's railway line at the crossing where the collision occurred.

There were six connected freight cars standing upon this interchange track, the nearest of which was some 30 to 45 feet south from the center of the road or street upon which the automobile was traveling.

It is plaintiff's theory that these freight cars, together with other obstructions, created an unusual hazard at this crossing and imposed a duty of greater care upon the defendant as relates to persons using this crossing. Missouri, K. & T. Ry. Co. v. Perino, 118 Okla. 138, 247 P. 41. The evidence is further to the effect that by reason of the obstructions, one traveling east would be required to approach within ten or twelve feet of the main railway line before he could see to the south along such line. We think the evidence brings this case within the rule of the cited case in that regard.

It is plaintiff's further theory that the defendant failed to perform its duty of great care, in that it was operating its train at excessive speed under the circumstances and in violation of a city ordinance of the city of Claremore, to wit, 30 miles per hour; that it failed to sound a warning for the crossing by ringing a bell or blowing a whistle, and that it failed to maintain a proper lookout.

On the question of the speed of the train the evidence is in conflict. The members of the train crew testified that the train entered the yard limits south of Claremore at about 12 or 15 miles per hour and had continued to increase the speed of the train to about 28 miles per hour at the crossing in question.

Another witness, a pedestrian, testified that he stood aside for the train to pass several blocks south of this crossing and he estimated the speed at 45 miles per hour. This same witness testified that he heard no bell or whistle sounded at any time, though his hearing was good. This witness had lived near railroads for many years and had observed speeds of trains and had made observations of speed of trains when passing him on the highway. We find no merit in the suggestion that the witness was not qualified.

Further, on the issue of warning signals, though there is conflict, a number of witnesses testified that they heard no warnings given though they were in position to do so had same been given.

"In an action for damages for death, where a given state of facts is such that reasonable men may differ upon the question as to whether there was negligence or not, the determination of the matter is for the jury." Wichita Falls & N. W. R. Co. v. Groves, 81 Okla. 34, 196 P. 677.

"Where, in an action at law, the evidence is conflicting this court will not review the evidence to ascertain where the weight of the evidence lies, and if there is evidence reasonably tending to support the verdict, it will not be set aside." St. Louis-San Francisco Ry. Co. v. Rundell, 108 Okla. 132, 235 P. 491.

In view of the well-established rules of law and the foregoing state of the record, we think the evidence was suf-

ficient to submit this case to the jury, and that the trial court did not err in overruling defendant's demurrer to the evidence or in refusing to direct a verdict, as defendant contends.

It is urged that the only act of negligence stated in the petition is that of leaving the freight cars on the interchange track, and that under the decisions such act alone is not actionable negligence. We do not so construe the plaintiff's petition. Its fair interpretation, together with the whole conduct of the trial, discloses clearly the theory of plaintiff as already stated above.

Based largely upon defendant's view of the effect of plaintiff's petition as above shown, the defendant urges error in giving of certain instructions relating to several acts of negligence. As stated, we do not subscribe to defendant's construction of the petition and therefore find no merit in its criticism of the instructions given in that regard. Nor do we agree that the instructions given were foreign to the issues made by the pleadings and the evidence.

Defendant next urges error in refusal to sustain demurrer to the evidence as relates to the cause of action for hospital, medicine and funeral expense. It says that no claim had been filed against the estate; that such expense had not been paid. It appears conceded that notice to creditors had not been given and that none of such claims would be barred. We know of no rule which requires that such expense must be actually paid before recovery may be had in this character of case. No error appears in that regard.

Defendant further contends that the trial court should have given certain requested instructions. We find the instructions given sufficient to fairly present the issues as made by the pleadings and the evidence, and although some of the requested instructions might have properly been given, we do not feel that the omission resulted in prejudice to the defendant in view of the whole record before us.

Finding no error, the judgment is affirmed.

CORN, C. J., and RILEY, OSBORN, HURST, DAVISON, and ARNOLD, JJ., concur. GIBSON, V. C. J., dissents. BAYLESS, J., absent.

———

GIBSON, V. C. J., (dissenting). I agree with the majority opinion insofar as it holds that the court did not err in refusing to sustain defendant's demurrer to plaintiff's evidence and in refusing to sustain defendant's motion for directed verdict. There was conflicting evidence as to whether or not the bell or whistle was sounded and as to the speed of defendant's train and as to the other allegations of negligence contained in plaintiff's petition which necessitated the submission of the case to a jury, but I think the case should be reversed and remanded for new trial because of an erroneous instruction.

Defendant objected to the instruction wherein the court submitted the question whether the trainmen kept a proper lookout when approaching the crossing. Plaintiff neither pleaded nor proved that a proper lookout was not maintained. He contends that defendant supplied the omission with sufficient proof, but I do not agree that the testimony pointed out by plaintiff in this regard constituted evidence that no lookout was kept. The night was extremely cold. The fireman testified that he kept watch ahead but did not see the automobile until it ran into the side of the engine; that the steam from the whistle blast sometimes obstructed his view. I do not consider that testimony sufficient to support an inference that no lookout was maintained. A railroad company is required to use ordinary care to avoid injuries in cases of this character. St. Louis-S. F. Ry. Co. v. Prince, 145 Okla. 194, 291 P. 973, 71 A. L. R. 357. And failure to keep a lookout might constitute want of ordinary care. But the jury should not be instructed on that question over defendant's objection where no issue was presented. I cannot consider the instruction as harmless error. By reason

of that instruction the jury may have felt at liberty to draw an inference that no lookout was maintained, and there was not sufficient evidence of the fact to support such inference.

For the foregoing reasons, I respectfully dissent.