KURN et al., Trustees, v. ADAIR.

No. 32475. Dec. 17, 1946.

Rehearing Denied March 18, 1947.

*178 P. 2d 104.*

E. G. Nahler, of St. Louis, Mo., and Cruce, Satterfield & Franklin, of Oklahoma City, for plaintiffs in error.

Wimbish & Wimbish, of Ada, for defendant in error.

OSBORN, J. This action was brought by Wick Adair, d/b/a Wick Adair Trucks, against defendants, J. M. Kurn and Frank A. Thompson, Trustees for the St. Louis-S.F. Railway Company, to recover damages sustained by one of the plaintiff's trucks, a trailer attached thereto, and the contents of the trailer. The damages complained of resulted from a collision between one of defendants' trains and the truck and trailer of plaintiff in the city of Ada. The trial court overruled the demurrer of defendants to plaintiff's evidence, denied the motion of defendants for a directed

verdict, and submitted the cause to a jury, which returned a verdict for plaintiff. Defendants appeal.

Plaintiff alleged that the defendants were negligent in that the crossing at which the accident occurred was dangerous and that defendants failed to keep a watchman at the intersection; that the train failed to sound its whistle or ring a bell as a warning signal of its approach to the crossing; that at the time of the collision the train was being operated at a speed in excess of that prescribed by an ordinance of the city of Ada, and that such operation in violation of the ordinance was negligence per se.

Defendants, in their answer, denied the allegations of the petition and pleaded negligence and contributory negligence on the part of the plaintiff's truck driver. Plaintiff's reply was a general denial.

Defendants here contend only that the trial court erred in overruling their demurrer to plaintiff's evidence, and in denying their motion for a directed verdict. A verdict should be directed for defendant only when the evidence, with all inferences reasonably deducible therefrom, is insufficient to support a verdict for plaintiff. St. Louis & San Francisco Ry. Co. v. Clampitt, 55 Okla. 686, 154 P. 40.

From the evidence it appears that the accident occurred at the intersection of North Broadway avenue and defendants' tracks in the city of Ada at about 1:45 a.m., December 31, 1944. The weather was clear and cold. Plaintiff's truck, with its trailer loaded with 2-inch oil well tubing, and driven by one Thurman, an experienced driver, was proceeding north on North Broadway avenue. Defendants' passenger train from Tulsa to Dallas, Tex., approached the intersection from the northeast. The view at the crossing for a driver approaching the intersection from the south was obstructed by a four-story mill building and a large sign. The driver, Thurman, testified that as he approached the intersection he was driving at a speed of about 15 miles per hour, and that he first observed the approach of the train when he was some 30 feet distant from the main track, and after he was some 5 or 10 feet past the mill building, at which time he saw the headlight of the approaching train and heard the whistle; that the truck and loaded trailer together weighed in excess of 39,000 pounds, with an over-all length of some 44 feet; that when he saw the train it was too late for him to stop the heavily loaded truck and that he accelerated his speed and attempted to cross the track ahead of the train. He further testified that when he first observed the train he judged it to be somewhere between 400 and 500 feet distant from the intersection and that it was traveling faster than he was, but he could not testify as to its exact speed.

On cross-examination he testified that he was not particularly listening for the train or paying any attention to it; that he had driven across the intersection many times but never before at that particular hour, and that he knew there was a train coming into Ada in the morning but did not know the time the train was supposed to arrive. From the evidence it appears that the engine struck the rear portion of the loaded trailer, damaging the trailer and truck and a considerable portion of the tubing with which the trailer was loaded.

Upon the overruling of their demurrer to the evidence defendants produced as witnesses the members of the train crew, who testified that the train was, at the time of the collision, running at a speed of not to exceed 15 miles per hour; that the bell was ringing and that the whistle was being blown regularly. The fireman, who was the lookout on the side of the engine from which the approach of the truck could be observed, testified that when he first observed the truck it was some 50 feet from the tracks and that the train was some 50 or 75 feet from the crossing.

The ordinance of the city of Ada, produced in evidence by plaintiff, forbade the operation of any railway train

within the city limits at a greater speed than 20 miles per hour, and provided a penalty for its violation.

It is apparent from the recital of the evidence above set forth that the act of negligence upon which plaintiff relies for recovery is that defendants' train was being operated at a speed in excess of 20 miles per hour in violation of the ordinance of the city of Ada. Plaintiff made no attempt to establish the necessity of keeping a watchman at the intersection, and the testimony of his sole witness, Thurman, who admitted that he was not listening for the train and was paying no attention to it, that he did not hear the whistle or bell prior to seeing the train, may be disregarded, since there is another element of negligence relied upon in this case.

We think that Thurman's testimony as to the distance of the train from the crossing at the time he first observed it, when considered in connection with the distance of his truck from the crossing and the speed of the truck, was sufficient to require the trial court to submit to the jury the question of whether or not the train was being operated at a speed in excess of 20 miles per hour in violation of the ordinance. If, as testified by Thurman, he was 30 feet distant from the main track when he first observed the train, and was proceeding at a speed of 15 miles per hour, which he accelerated upon observing the approach of the train, and if the train at the time he first observed it was 400 or 500 feet distant from the crossing, it is obvious that the collision would not have occurred had not the train been traveling more than 20 miles per hour. The length of the truck and trailer being 44 feet, and the front of the truck being 30 feet distant from the main track, Thurman, proceeding at the rate of 15 miles per hour or better, would have had to travel only 74 feet plus the width of the railroad track to cross in front of the train. It would obviously be impossible for the train to travel 400 or 500 feet at approximately the same speed as that of the truck and reach the intersection before Thurman

was well across. Thus, if the train had been proceeding within the speed limit, the collision would not have occurred, regardless of whether Thurman was guilty of contributory negligence in failing to listen for the bell and whistle or to be on the lookout for the approach of the train.

If the train was being operated by defendants in excess of 20 miles per hour, such operation was violative of the city ordinance and was negligence per se. St. Louis-San Francisco Ry. Co. et al. v. Bryan, 113 Okla. 39, 237 P. 613. The defendants do not question the validity of the city ordinance limiting the speed of its trains within the city. And under the above-cited case and other decisions of this court defendants are liable for any damage arising by reason of such negligence. Whether plaintiff's truck driver was guilty of contributory negligence was a question for the jury. Article 23, § 6, Constitution.

Defendants assert that to sustain the verdict and judgment in the instant case we must overrule Missouri, K. & T. Ry. Co. v. Flowers, 187 Okla. 158, 101 P. 2d 816, but in the Flowers Case we held that no negligence on the part of the defendant was established; that negligence on the part of the plaintiff's driver was established and was, therefore, the sole cause of a collision. In the instant case, as above pointed out, there was competent evidence from which the jury could find negligence on the part of defendants, and that such was the proximate cause of the injury to the plaintiff. Assuming that the evidence was sufficient to warrant an inference that plaintiff's driver was also negligent, the question of whether the injury to plaintiff was caused by the negligence of defendants or caused or contributed to by the negligence of the driver, would be a question to be determined by the jury, since the proximate cause of an injury is a question of fact for the jury. Missouri, K. & T. Ry. Co. v. Perino, 118 Okla. 138, 247 P. 41, 47 A.L.R. 283.

If the jury believed the testimony

of Thurman, it was warranted in returning a verdict for plaintiff, and by its verdict it indicated that it did not find that any negligence on the part of Thurman caused or contributed to the collision.

Affirmed.

GIBSON, C.J., HURST, V.C.J., and BAYLESS, WELCH, DAVISON, and ARNOLD, JJ., concur.