## WINTERS v. CATLETT.

No. 34314.   Nov. 27, 1951.

*238 P. 2d 314.*

378

W. O. Moffett, Tulsa, for plaintiff in error.

H. D. Moreland, Jr., Tulsa, for defendant in error.

PER CURIAM. The plaintiff in the trial court, J. G. Catlett, sued John Paul Winters for damages resulting from an automobile collision at the intersection of Eighth street and Elgin avenue, in the city of Tulsa. From the verdict and judgment in favor of the plaintiff in the amount of $318.89, the defendant appeals.

The single contention for reversal is that the evidence is insufficient to sustain the verdict.

The evidence discloses that Catlett was driving south on Elgin avenue, which was a through street, protected by stop signs on Eighth street. Winters was driving east on Eighth street. The collision occurred near the center of the intersection.

The plaintiff testified he was driving at a speed of 20 to 25 miles per hour, and that defendant approached from the west, traveling at a high rate of speed, and failed to heed the stop sign. The witness Williams corroborated plaintiff's testimony as to the speed and also as to the defendant's running of the stop sign.

The evidence is in sharp conflict as the defendant testified he was traveling at a reasonable rate of speed and observed the stop sign; that after entering the intersection he speeded up to avoid the collision. He further testified the plaintiff was driving at an excessive rate of speed and ran into the rear part of the defendant's car.

Although the evidence is conflicting, since it reasonably tends to support the verdict it should not be disturbed on appeal.

"Where in an action at law, the evidence is conflicting this court will not review the evidence to ascertain where the weight of the evidence lies, but if there is evidence reasonably tending to support the verdict, it will not be set aside." Thompson v. Cooper, 192 Okla. 237, 135 P. 2d 49.

The defendant cites and relies on Highway Construction Co. v. Shue, 173 Okla. 456, 49 P. 2d 203. The issue in that case was not the sufficiency of the evidence to sustain the finding of negligence, but that it failed to show causal connection between the negligence and the injury. It is readily distinguishable from the case at bar.

Supersedeas bond was filed with Jack E. Moore and C. S. Hicks as surety. Judgment is rendered against the sureties as requested in brief of defendant in error, as well as against the plaintiff in error.

Judgment affirmed.

This Court acknowledges the services of Attorneys Robert D. Crowe and John Connolly, who as Special Masters aided in the preparation of this opinion. These attorneys were recommended by the Oklahoma Bar Association, approved by the Judicial Council, and appointed by the Court.

HALLEY, V. C. J., and CORN, GIBSON, DAVISON, JOHNSON, O'NEAL, and BINGAMAN, JJ., concur.