**MISSOURI, KANSAS AND TEXAS RAIL-
ROAD CO. and E. A. Durbin,
Plaintiffs in Error,**

v.

**John Paul DODSON, Defendant in Error.**

No. 38834.

Supreme Court of Oklahoma.

Nov. 9, 1960.

Doerner, Stuart, Moreland, Campbell & Saunders, Harry D. Moreland, Tulsa, and W. A. Thie, Denison, Tex., for plaintiffs in error.

Thomas Dee Frasier, C. Wayne Falkenstein, Tulsa, for defendant in error.

BERRY, Justice.

At approximately 1:30 a. m. on December 16, 1956, defendant in error, John Paul Dodson, hereafter referred to as "plaintiff", was operating an automobile in a northerly direction over South 49th West Avenue in Tulsa, Oklahoma. Plaintiff was employed as a merchant police patrolman. At a point 30 to 60 feet south of the intersection of the referred-to street with the railway tracks of plaintiff in error, Missouri, Kansas & Texas Railroad Co., hereafter referred to as "Katy", plaintiff stopped his automobile and left same in order to inspect some nearby business building. At said point, Katy's railway tracks run east and west. Upon re-entering his automobile and at a point some 30 to 40 feet south of the tracks, plaintiff looked to the east and west and failing to see or hear an approaching train, proceeded north. At a time when all but the rear portion of plaintiff's automobile had passed over Katy's tracks, one of Katy's west-bound freight trains struck the rear portion of plaintiff's automobile. As a result of the impact, plaintiff sustained personal injuries which resulted in this action being instituted. Plaintiff in error, E. A. Durbin, was serving as the engineer on the freight train. When referred to collectively herein, plaintiffs in error will be referred to as "defendants".

In his petition plaintiff alleged in substance that his injuries resulted from the negligence of defendants in (a) failing to sound a whistle or ring a bell not less than 80 rods from the crossing; in (b) propelling the train over the crossing at an excessive speed of approximately 40 miles per hour; in (c) operating the train over the crossing at a speed in excess of the maximum 25 miles per-hour limit fixed in an ordinance of the City of Tulsa and in (d) "that defendant, E. A. Durbin, the engineer operating said locomotive, carelessly and negligently failed and neglected to slacken the speed of said locomotive upon discovering this plaintiff; failed to give warning of approach of said locomotive or to exercise any caution whatsoever to avoid colliding with said 1954 Ford Automobile driven by this plaintiff."

In their joint answer to plaintiff's petition, the defendants pleaded in substance that they were not guilty of negligence; that plaintiff's injuries resulted from his primary negligence; that plaintiff was guilty of contributory negligence; that the accident was unavoidable.

The case was tried to a jury. The jury by its verdict fixed plaintiff's damages at $2,500 and judgment was entered in said amount against the defendants.

The defendants first contend that the evidence only tends to sustain the acts of negligence set forth in the petition to the effect that a timely warning was not sounded and that the train was operated at a speed in excess of the maximum speed per-

mitted by the city ordinance. The plaintiff appears to agree.

Defendants assert that there is no competent evidence tending to sustain the act of negligence first above referred to and that if the evidence shows that defendants in fact violated the city ordinance relating to speed, said violation was not the proximate cause of the accident; that the trial court therefore erred in denying their motion for judgment in their favor and their request that the jury be instructed to return a verdict in their favor.

In view of the fact that there was unquestionably competent evidence tending to sustain the allegations of plaintiff's petition to the effect that the defendants violated the city ordinance relating to the speed of trains within the corporate limits of Tulsa, which ordinance is conceded to be valid, and the further fact that the evidence presented a question of fact for the jury as to whether said violation was the proximate cause of the accident, we will not consider the issue relating to the alleged failure of defendants to sound a timely warning.

The defendants point to the fact that plaintiff stopped his automobile approximately 30 to 40 feet south of the tracks; that at said point the view down the tracks was unobstructed for a distance of approximately 3,400 feet; that the headlight on the train was lighted; that the whistle on the locomotive was sounded and the bell thereon was rung at a point less than 80 rods from the crossing (there is some conflict in the evidence on this point); that notwithstanding plaintiff should have seen and heard the train at the point where he stopped, he proceeded to drive upon the crossing; that assuming the ordinance was violated and that violation thereof was negligence per se, said violation was not the proximate cause of the accident.

■ It is settled law in this jurisdiction that the operation of a train in excess of the speed permitted by city ordinance is negligence per se. See St. Louis-San Francisco Ry. Co. et al. v. Bryan, 113 Okl.

39, 43, 237 P. 613, 617; Kurn et al. v. Adair, 198 Okl. 340, 178 P.2d 104 and cited cases.

■ In the last above cited case we pointed out that if the train there involved had been traveling within the speed permitted by applicable city ordinance, the truck would have proceeded over the crossing before the train reached same, and since such was the case, the jury was justified in concluding that violation of the ordinance was the proximate cause of the accident. In the instant case, plaintiff's automobile would have safely cleared the crossing before defendants' train reached same, if the train had not, as found by the jury, been traveling at a speed in excess of that permitted by applicable ordinance. We are, therefore, of the opinion that the matter of whether violation of the ordinance as to speed on defendants' part was the proximate cause of the accident, presented a question of fact for the jury.

On the issue under consideration, defendants rely principally upon Richardson et al. v. Parker et al., 205 Okl. 137, 235 P.2d 940, 943. In that case the plaintiff who was riding upon a bicycle was injured when the bicycle collided with a truck. It was pointed out in said case that it was not shown that the defendants' truck was within the corporate limits of Carnegie where the accident was alleged to have occurred; that no issue "of negligence per se was presented"; that "there was no proof of any illegal speed, or that the speed of the truck was dangerous or reckless, or inconsistent with prudence and the exercise of ordinary care". It is apparent that the facts of the cited case serve to distinguish same from the instant case.

Defendants contend that plaintiff based his action upon primary negligence on their part and also upon the doctrine of last clear chance and that the trial court erred in not requiring the plaintiff to elect upon which theory he would proceed.

■ There is no proof that the engineer who was seated on the right hand or east side of the locomotive saw or was aware

of plaintiff's automobile prior to the collision and for that matter there was no other evidence which would make the last clear chance doctrine applicable. The trial court apparently reached the same conclusion and refused to submit the alleged issue of last clear chance to the jury. Defendants nevertheless urge error on this score, and assert that cross-examination on the part of plaintiff's counsel tended or was intended to cause the jurors to believe that defendants "should have seen plaintiff and immediately have taken measures to avoid an anticipated collision." We are unable to agree. As we read the record, the referred-to cross-examination in fact tended to show that the last clear chance doctrine was inapplicable and for said reason it was not error to refuse to give defendants' requested instruction covering said doctrine.

Defendants contend that the trial court committed fundamental error in giving Instruction No. 8. The defendants did not except to said Instruction which reads as follows:

"You are instructed that the rights, duties and obligations of the operators of both the train and the automobile involved in the collision complained of were mutual and reciprocal.

"It was the duty of both operators of said vehicles as they approached the point where the collision occurred to exercise ordinary care in the management of their vehicles to prevent injury to other persons upon the streets at said point.

"It was likewise their duty to use reasonable and ordinary care in keeping a lookout ahead, consistent with the safety of other vehicles and persons which might be using and traveling upon said street and railroad right of way."

The defendants contend that the effect of said Instruction was to advise the jury that they were under a duty to exercise ordinary care not to injure plaintiff who was upon the street but that plaintiff was not under a corresponding duty as to defendants who were on the tracks and not upon the street; that the jury was in effect instructed that plaintiff did not have to recognize the warning of danger given by presence of the railroad crossing.

We are unable to agree with defendants' construction. To our way of thinking, when the Instruction is read as a whole, the jury was instructed that the rights, duties and obligations of the parties were mutual and reciprocal; that at the point of the street where the tracks intersected the street, each party was under a duty to exercise ordinary care; that each was under a duty to use reasonable and ordinary care in keeping a lookout at the street crossing. In brief, we are inclined to the opinion that the defendants place a meaning on the word "streets" as used in the second paragraph of the Instruction which is not in keeping with the meaning of the Instruction when all parts thereof are considered. To our way of thinking, the court did not commit fundamental error in giving Instruction No. 8.

██ There was competent evidence tending to show that plaintiff was negligent and also guilty of contributory negligence. There was also competent evidence tending to show that defendants were guilty of primary negligence and that said negligence was the proximate cause of plaintiff's injuries. The matter of whether plaintiff's injuries were caused by defendants' negligence, or were caused solely by plaintiff's negligence, or were contributed to by his negligence, and whether defendants' negligence was the proximate cause of the accident and resulting injuries presented a question of fact for the jury (see Kurn et al. v. Adair, supra), and since said matter was resolved in plaintiff's favor under proper instructions, it is not our privilege to disturb the judgment rendered on the verdict of the jury.

Affirmed.