The argument having a continued for four days, the Chief Justice delivered the following charge on the 7th of February.
 

 JAY,Ghief 7uJ?ice.
 

 This caufe has been regarded as of great importance; anddoubtlefs it iS fo. it has accordingly been treatedby the Counf~1with great learning, diligence" and ability ;and on your I)art~it has been heard with par~. ticular attention. It is, therefire, unneceffary for me to, followi the inveftigation over the extenfive field in~o which it has been carried: you are no*, if ever you can-be, cQmpletely poffi~f-. ri~d of the merits of ti~e cau1e~ which it has been carried: you are no* if ever you can-be cQmpletely poffi~f-. ri~d of the merits of ti~e cau1e~
 

 
 *4
 
 The facts comprehended in the cafe, are agreed; the only point that remains, is to settle what is the law of the land arising from those facts; and on that point, it is proper, that the opinion of the court should be given. It is fortunate on the present, as it must be on every occasion, to find the opinion of the court unanimous: We entertain no diversity of sentiment ; and we have have experienced no difficulty in uniting in the charge, which it is my province to deliver.
 

 We are then, Gentlemen, of opinion, that the debts due to
 
 Hopton & Powell
 
 (who were citizens of
 
 South-Carolina)
 
 were not confiscated by the statute of South-Carolina; the same being therein expressly excepted: That those debts were not confiscated by the statute of Georgia, for that statute enacts, with respect to
 
 Powell &
 
 Hopton, precisely the like, and no other, degree and extent of confiscation and forfeiture, with that of
 
 South-Carolina.
 
 Wherefore it cannot now be necessary to decide, how far one state may of right legislate relative to the personal rights of citizens of another state, not residing within their jurisdiction.
 

 We are also of opinion, that the debts due to Brailsford, a
 
 British
 
 subject, residing in
 
 Great
 
 Britain, were by the statute of
 
 Georgia
 
 subjected, not to confiscation, but only to sequestration; and, therefore, that his right to recover them, revived at the peace, both by the law of nations and the treaty of peace.
 

 The question of forfeiture in the cafe of joint obligees, being at present immaterial, need not now be decided.
 

 It may not be amiss, here, Gentlemen, to remind you of the good old rule, that on questions of fact, it is the province of the jury, on questions of law, it is the province of the court to decide. But it must be observed that by the same law, which recognizes this reasonable distribution of jurisdiction, you have nevertheless a right to take upon yourselves to judge of both, and to determine the law as well as the fact in controversy. On this, and on every other occasion, however, we have no doubt, you will pay that respect, which is due to the opinion of the court: For, as on the one hand, it is presumed, that juries are the best judges of facts; it is, on the other hand, presumable, that the court are the best judges of law. But still both, objects are lawfully, within your power of decision.
 

 Some stress has been laid on a consideration of the different situations of the parties to the cause: The State of
 
 Georgia,
 
 sues three private persons. But what is it to justice, how many, or how few; how high, or how low; how rich, or how poor the contending parties may chance to be ? Justice is indiscriminately due to all, without regard to numbers, wealth, or rank. Because to the State of Georgia, composed of many thousands sa
 
 *5
 
 nds of people, the litigated fum cannot be of great moment, you will not for this reason be justisted, in deciding against her claim; if the money belongs to her, she ought to have it; but on the other hand, no consideration of the circumstances, or of the comparative insignificance of the defendants, can be a ground to deny them the advantage of a favourable verdict, if in justice they are entitled to it.
 

 Go then, Gentlemen, from the bar, without any impressions of favor or prejudice for the one party or the other; weigh well the merits of the cafe, and do on this, as you ought to do on every occasion, equal and impartial justice.”
 

 The jury having been absent some time, returned to the bar, and proposed the following questions to the court.
 

 1 Did the act of the State of Georgia, completely vest the debts of Brailsford,
 
 Powell & Hopton,
 
 in the State, at the time of parting the same ?
 

 2. If so, did the treaty of peace, or any other matter, revive the right of the defendants to the debt in controversy?
 

 In answer to these questions, the CHIEF JUSTICE stated, that it was intended in the general charge of the court, to comprise their sentiments upon the points now suggested; but as the jury entertained a doubt, the enquiry was perfectly right. On the 1st question, he said it was the unanimous opinion of the judges, that the act of the State of
 
 Georgia
 
 did not vest the debts of Brailsford,
 
 Powell & Hopton,
 
 in the State at the time of passing it. On the 2d question he said, that no sequestration divests the property in the thing sequestered; and, consequently,
 
 Brailsford,
 
 at the peace, and indeed, throughout the war, was the real owner of the debt. That it is true, the State of
 
 Georgia
 
 interposed with her legislative authority to prevent
 
 Brailford’s
 
 recovering the debt while the war continued, but, that the mere restoration of peace, as well as the very terms, of the treaty, revived the right of action to recover the debt, the property of which had never in fact or law been taken from the defendants: and that if it were otherwise, the sequestration would certainly remain a lawful impediment to the recovering of a bona fide debt, due to a
 
 British
 
 creditor, in direct opposition to the 4th article of the treaty.
 

 After this explanation, the jury, without going again from the bar, returned a
 
 Verdict for the defendants.