DETROIT & ACKINAC RAILWAY COMPANY *v.*
FLETCHER PAPER COMPANY.

SAME *v.* ISLAND MILL LUMBER COMPANY.

SAME *v.* CHURCHILL LUMBER COMPANY.

SAME *v.* RICHARDSON LUMBER COMPANY.

SAME *v.* MICHIGAN VENEER COMPANY.

ERROR TO THE SUPREME COURT OF THE STATE OF MICHIGAN.

Nos. 336–340.  Motions to dismiss or affirm or place on the summary
docket submitted October 8, 1918.—Decided November 18, 1918.

Various questions of law, involving the fixing of railroad rates on intra-
state traffic and reparation to shippers, *held* local, and not reviewable
in error to the state court.
Where the carrier has full opportunity to test whether rates are con-
fiscatory in a suit against the rate-fixing commission, provision of
the state law making the judgment conclusive against the carrier
in subsequent actions for reparation, is consistent with the Four-
teenth Amendment.
198 Michigan, 469, affirmed.

THE cases are stated in the opinion.

Mr. *Edward S. Clark* and Mr. *I. S. Canfield*, for defendants in error, submitted the motions.

Mr. *James McNamara* and Mr. *Fred A. Baker,* for plaintiff in error, in opposition to the motions. Mr. *C. R. Henry* was also on the briefs.

MR. JUSTICE HOLMES delivered the opinion of the court.

These five suits were actions of assumpsit brought to recover the difference between the rates fixed by the Michigan Railroad Commission on logs carried wholly within the State, from points on the defendant's (the plaintiff in error's) road to Alpena, and the higher rates that the defendant actually charged. The plaintiffs got judgments which were affirmed by the Supreme Court of Michigan, (198 Michigan, 469), and the cases are brought here upon lengthy assignments of error. The plaintiff's now move to dismiss or affirm. We are of opinion that the judgments should be affirmed.

Most of the assignments of error concern questions of local law with which we cannot deal. Such are whether the orders of the Commission were in force pending an injunction and before the defendant railroad had fixed rates in pursuance of a mandate of the State Court; whether the state laws permit an action to be maintained without an order of reparation by the Commission; and whether the statutes purport to make the order fixing the rates conclusive in the present suits. These questions depend upon the construction of the state laws, as to which, upon writs of error to the State Court that Court has the last word. Its power would not be diminished if similar provisions in an act of Congress had been differently construed by this Court. The only question properly before us is whether the statutes as construed run against the Fourteenth Amendment of the Constitution of the United States. It is argued that they do, if,

as was held, they preclude an inquiry in these proceedings into the confiscatory character of the rates in present circumstances. But the defendant had had its chance to have the validity of the rates judicially determined in a suit for that purpose and had used it. *Detroit & Mackinac Ry. Co.* v. *Michigan Railroad Commission,* 235 U. S. 402. There is nothing to hinder a State from providing that after a judicial inquiry into the validity of such an order it shall be binding upon the parties until changed. The defendant was free to apply to the Commission.

A milling-in-transit rate allowing the defendant to add fifty cents a thousand feet on lumber if, instead of being carried on, after it was manufactured, on the through rate, the product was not reshipped by the defendant's line, was held to be permitted by the statute. It is said that this would be contrary to the Interstate Commerce Act if these cases involved interstate commerce, which they do not. We see no question concerning it that requires to be dealt with here.

*Judgments affirmed.*