**ST. LOUIS-SAN FRANCISCO RY. CO. v. ROBINSON.**

No. 13405—Opinion Filed April 15, 1924.

1. **Railroads — Negligence — Warnings at Crossings—Necessity.**

Evidence tending to show that defendant railway company failed to ring signal bell at a much traveled crossing in a thickly populated portion of a city, and omitted to keep a watchman there, held sufficient to go to the jury on the primary negligence of the defendant.

2. **Same.**

Maintaining a watchman at a much traveled crossing in a thickly populated portion of a city is an ordinary method of warning to persons who seem to be in danger from approaching trains, and in such cases evidence tending to prove a failure to do so is proper to go to the jury on the question of defendant's negligence.

3. **Evidence—Evidence Not Purely Negative.**

Plaintiff testified that he stopped at the crossing, looked, and listened; that he did not see the engine nor hear the signal. Held, such testimony was not purely negative, and was competent to go to the jury, the value of same depending on whether plaintiff was in a position to hear and see, and was giving special attention to the matter at the time.

4. **Damages—Injured Automobile — Cost of Repairs.**

Evidence of the cost of a necessary new body for an automobile that was injured and could be repaired, held sufficient to support the verdict.

5. **Negligence — Contributory Negligence — Question for Jury.**

Article 23, sec. 6, of the Constitution of Oklahoma, is not merely declaratory of the common law, but requires that the defense of contributory negligence and assumption of risk as to questions of fact in all cases whatsoever shall at all times be left to the jury, and the finding of the jury upon these defenses is conclusive upon the court.

Error from District Court, Creek County; Lucien B. Wright, Judge.

Action by W. P. Robinson against the St. Louis-San Francisco Railway Company, for damages to an automobile. Judgment for plaintiff. Defendant brings error. Affirmed.

W. F. Evans, Stuart, Sharp & Cruce, and Ben Franklin, for plaintiff in error.

W. C. Hodges and Thompson & Smith, for defendant in error.

Opinion by ESTES, C. Parties will be referred to as they appeared in the trial court. W. P. Robinson, defendant in error, as plaintiff, had judgment in the district court against the plaintiff in error for $1,000 damages to his automobile. Dewey avenue, in the city of Sapulpa, runs east and west. The railway company's tracks run north and south at the place where they cross Dewey avenue. About eight o'clock in the evening when the accident occurred, plaintiff was driving his automobile westward · on said

crossing. A train from the north had just arrived. Its engine was detached about 600 feet north of, and was about to be driven across, Dewey avenue. Negligence alleged by plaintiff was failure of defendant to ring the bell, and to have a watchman at the said crossing. Defendant pleaded contributory negligence of plaintiff. Plaintiff testified, in substance, that he stopped his automobile 15 feet from the track; that he looked north and south, and also listened; that there were no obstructions; that he saw only the light of an engine about 600 feet north; that he then started forward, and while on the track he saw an engine, coming from the north, right on him. The contentions of plaintiff in error will appear in the propositions passed upon.

1. Following is the familiar yard stick for measuring the primary negligence of defendant, without which there can be no liability of defendant, and no concurring or contributory negligence of plaintiff: The duty on the part of the defendant to protect plaintiff from injury; failure of defendant to perform that duty, and injury to plaintiff proximately resulting from such failure. The engineer and fireman contradicted plaintiff as to the signals. That there was no watchman was not contradicted. The jury may have concluded that if the bell had been rung the plaintiff had not come upon the crossing: that if there had been a watchman at the crossing, the plaintiff would have been warned and thus prevented from going upon the crossing. This is on the hypothesis that the jury believed the testimony of plaintiff. Reasonable and intelligent men might have differed as to these facts and the inferences to be drawn therefrom. Thus, as to the primary negligence of defendant, the court properly submitted the cause to the jury. By its verdict the jury found primary negligence against defendant. We cannot say such finding is not reasonably supported by the evidence. Had there not been evidence reasonably tending to support primary negligence of defendant, the issue of contributory negligence of plaintiff could not have arisen. Phoenix Printing Co. v. Durham. 32 Okla. 575, 122 Pac. 708.

2. Evidence tending to prove failure of defendant to ring the bell was proper to go to the jury on the question of negligence. whether required by statute or not. St. Louis & S. F. R. Co. v. Houston, 27 Okla. 719, 117 Pac. 184. The rule as to failure of defendant to maintain a watchman at said crossing is stated in Grand Trunk. etc.. v. Ives (U. S.) 36 L. Ed. 485, as follows:

"As a general rule, it may be said that whether ordinary or reasonable prudence requires a railroad company to keep a flagman stationed at a crossing that is especially dangerous is a question of fact for a jury to determine under all the circumstances of the case, and that the omission to station a flagman at a dangerous crossing may be taken into account as evidence of negligence. * * * It seems, however, that before a jury will be warranted in saying, in the absence of any statutory direction to that effect, that a railroad company should keep a flagman or gates at a crossing, it must first be shown that such is more than ordinarily hazardous, as for instance, that is is in a thickly populated portion of a town or city, * * * or that the crossing is a much traveled one." M. K. & T. Ry. Co. v. Hurdle (Tex.) 142 S. W. 992; M., K. & T. v. Magee (Tex.) 50 S. W. 1013.

The record shows that said crossing was much used and located in a populous section of the city of Sapulpa.

3. The testimony of plaintiff that he did not hear the signal nor see the engine was not purely negative in character. The value of such testimony depends upon whether plaintiff was in a position to hear, had opportunity to see, and was giving special attention to the matter at the time. Kansas City, F. S. & G. R. Co. v. Lane (Kan.) 7 Pac. 587; St. Louis & S. F. R. Co. v. Brook (Kan.) 77 Pac. 86. Referring to this character of testimony in Ft. Smith & W. R. Co. v. Moore, 66 Okla. 322, 169 Pac. 904, it is said:

"Such testimony is not purely negative, but, whether positive or negative, it was the province of the jury to determine the facts after considering all of the evidence."

It is further explained that if such evidence were not competent, there would be no way of establishing this character of negligence in any case.

4. The automobile was only injured—not totally destroyed.

"The measure of damages for injury to personal property that can be repaired. is the cost of repair, and the value of its use necessarily lost pending repair." Weleetka Light & Water Co. v. Northrop, 42 Okla. 561, 140 Pac. 1140.

There was evidence that the body of the automobile was demolished, and could not be repaired: that the wheels were also badly damaged and other injuries received; that the cost of a new body would be about $1,000. This was competent and sufficient evidence to sustain the verdict in this behalf. All of the instructions offered by defendant were given by the court, except one

to the effect that there was not a statute in this state regulating the speed of trains, and that defendant was not negligent as a matter of law, on account of the speed shown by the evidence. Plaintiff testified that the engine stopped at about 30 feet after striking the automobile. There was no serious contention about the speed of the engine. Clearly the failure to give this instruction was not error.

5. Article 23, section 6, of the state Constitution, provides that "the defense of contributory negligence, or of assumption of risk, shall, in all cases whatsoever, be a question of fact, and shall, at all times, be left to the jury." Except for said constitutional provision, it might be said, as a matter of law, that the negligence of the plaintiff appearing from his own testimony would preclude his recovery. Said constitutional provision has deprived the court of this function as to the matter of contributory negligence when same is an issue. See Dickinson v. Cole, 74 Oklahoma, 177 Pac. 570. On error to the Supreme Court of the United States in that case, 251 U. S. 54, 64 L. Ed. 133, it was held that "the federal Constitution does not prevent the states from leaving the defense of contributory negligence to the jury in all cases, those in which it is a mere question of law, as well as those in which it is a question of fact." By their verdict, the jury found that plaintiff was not guilty of contributory negligence. Though this involved a question of law, the Constitution conferred upon the jury the power to pass upon the same. Mr. Justice Holmes, for the highest court in the land, in that case said:

" * * * The material element in the constitutional enactment is not that it called contributory negligence fact, but that it left it wholly to the jury. * * * As it (the state) may confer legislative and judicial powers upon a commission not known to the common law, * * * it may confer larger powers upon a jury than those that generally prevail. Provisions making the jury judges of the law, as well as of the facts, in proceedings for libel are common to England and some of the states, and the controversy with regard to their powers in matters of law more generally as illustrated in Sparf v. United States, 156 U. S. 51, 39 L. Ed. 343, 15 Sup. Ct. Rep. 273, 10 Am. Crim. Rep. 168, and Georgia v. Brailsford. 3 Dall. 1, 4, 1 L. Ed. 484, shows that the notion is not a novelty. In the present instance the plaintiff in error cannot complain that its chance to prevail upon a certain ground is diminished, when the ground might have been altogether removed."

It is recommended that the judgment be affirmed.

By the Court: It is so ordered.