### FOWKES v. MILLER, Mayor, et al.

Circuit Court of Appeals, Eighth Circuit.
September 7, 1929.

No. 8245.

D. W. Peters, of Jefferson City, Mo., for appellant.

Oliver Senti, of St. Louis, Mo. (Julius T. Muench, of St. Louis, Mo., on the brief), for appellees.

Before STONE, Circuit Judge, and MUNGER and REEVES, District Judges.

STONE, Circuit Judge. Appellant, a train employee of the Wabash Railway Company, for himself and "a large number of other employees of said railroad similarly situated," brought an action seeking to enjoin the mayor of St. Louis, the city of St. Louis, and the Wabash Railway Company from in any manner proceeding to construct or letting any contract for construction of a viaduct over the Wabash tracks at Delmar boulevard with a clearance of less than 22 feet above the top of the railway rails. Later, the contractor which was to build the viaduct was made a party defendant and the same relief asked against it. Final hearing resulted in dismissal of the bill on the merits. From that decree this appeal is brought.

The gravamen of the bill is that a statute of Missouri (Session Laws of 1925, pp. 323, 324) provides that "hereafter" no structure should be built over railway tracks with a less clearance than 22 feet above the tops of the rails, except where such construction is "impracticable"; that this structure provides clearance of only 18 feet and that there was no construction until after the above act became effective, therefore, such construction is in violation of that act.

From allegations in the bill and from the evidence appear the following undisputed facts: In April, 1923, the Public Service Commission of Missouri made an order directing construction of this viaduct by the city. The clearance therein provided was eighteen feet. The railway resisted this order by litigation. The order was sustained by the Supreme Court of the state. State ex rel. Wabash R. Co. v. Public Service Commission, 306 Mo. 149, 267 S. W. 102. A writ of error carried that case to the Supreme Court of the United States. While the case was pending in the latter court the above Act of 1925 was passed and became effective. After stating the federal constitutional questions presented, the Supreme Court opinion (State of Missouri ex rel. Wabash R. Co. v. Public Service Commission of Missouri, 273 U. S. 126, 130, 47 S. Ct. 311, 313, 71 L. Ed. 575) proceeds as follows:

"To support the burden of proving that the order of the Commission is arbitrary and unreasonable, plaintiffs in error criticize numerous engineering features of the city's plan, especially the provision of an 18-foot

clearance between tracks and viaduct, which is characterized as dangerous to life and limb.

"While the federal questions thus raised, so far as they relate to the order now before us, are not difficult of solution, in view of the complexity of the facts to which the principles announced by this court are to be applied, we cannot say that these questions are so unsubstantial as to deprive us of jurisdiction to pass upon them and to make proper disposition of the case as it is now presented. Erie R. R. v. Public Util. Comm., 254 U. S. 394, 41 S. Ct. 169, 65 L. Ed. 322; Mo. Pac. Ry. v. Omaha, 235 U. S. 121, 35 S. Ct. 82, 59 L. Ed. 157; Denver & R. G. R. R. v. Denver, 250 U. S. 241, 39 S. Ct. 450, 63 L. Ed. 958; R. R. Comm. v. Southern Pac. Co., 264 U. S. 331, 44 S. Ct. 376, 68 L. Ed. 713. But we find it unnecessary to decide these questions because of the situation which has been created since the entry of the judgment below by the enactment of the Railroad Clearance Act, Laws of Missouri of 1925, pp. 323, 324. That statute provides that clearances over railroad tracks shall not be less than 22 feet, 'except in cases in which the Public Service Commission finds that such construction is impracticable.' The state commission directed that the clearance at Delmar boulevard crossing be 18 feet, but it made no finding that the construction of a 22-foot clearance is impracticable. There is thus presented a question of state law; the effect of this statute upon the commission's order, the judgment of the state Supreme Court, and upon action taken pursuant to them.

"Ordinarily this court on writ of error to a state court considers only federal questions and does not review questions of state law. Murdock v. City of Memphis, 20 Wall. 590, 22 L. Ed. 429; Detroit & Mackinac Ry. v. Paper Co., 248 U. S. 30, 39 S. Ct. 13, 63 L. Ed. 107. But where questions of state law arising after the decision below are presented here, our appellate powers are not thus restricted. Either because new facts have supervened since the judgment below (Kimball v. Kimball, 174 U. S. 158, 19 S. Ct. 639, 43 L. Ed. 932; Watts, Watts & Co. v. Unione Austriaca, 248 U. S. 9, 21, 39 S. Ct. 1, 63 L. Ed. 100, 3 A. L. R. 323; Meccano, Ltd., v. John Wannamaker, 253 U. S. 136, 141, 40 S. Ct. 463, 64 L. Ed. 822), or because of a change in the law (Steamship Co. v. Joliffe, 2 Wall. 450, 17 L. Ed. 805; Gulf, Col. & S. F. Ry. v. Dennis, 224 U. S. 503, 32 S. Ct. 542, 56 L. Ed. 860), this court, in the exercise of its appellate jurisdiction, may consider the state questions thus arising and either decide them (Steamship Co. v. Joliffe, supra), or remand the cause for appropriate action by the state courts (Gulf, Col. & S. F. Ry. v. Dennis, supra; Dorchy v. Kansas, 264 U. S. 286, 44 S. Ct. 323, 68 L. Ed. 686). The meaning and effect of the state statute now in question are primarily for the determination of the state court. While this court may decide these questions, it is not obliged to do so, and, in view of their nature, we deem it appropriate to refer the determination to the state court. Dorchy v. Kansas, supra, 290, 291 (44 S. Ct. 323). In order that the state court may be free to consider the question and make proper disposition of it, the judgment below should be set aside, since a dismissal of this appeal might leave the judgment to be enforced as rendered. Gulf, Col. & S. F. Ry. v. Dennis, supra, 509 (32 S. Ct. 542). The judgment is accordingly reversed and the cause remanded for further proceedings."

In accordance with the mandate on the above opinion, the Supreme Court of Missouri again heard the matter and handed down an opinion (State ex rel. and to use of Wabash R. Co. v. Public Service Commission, 317 Mo. 172, 295 S. W. 86) wherein it stated: "The case has been reopened to determine a single question of state law which has been submitted by the Supreme Court of the United States." Page 88. The opinion declared (page 87):

"The act of 1925 does not express a retroactive purpose, but by its terms it is plainly prospective in operation. It refers to viaducts to be constructed thereafter, and this reference, inevitably, is to viaducts which are to be constructed under orders of the public service commission, and therefore necessarily under orders to be made by the commission, after the passage of the act."

The conclusion stated (page 89) was:

"Our conclusion is that the act of 1925 does not apply to the subject of this controversy, and that the judgment set aside should be reinstated."

From the above quotations it is clear that the Supreme Court of the United States remitted to the Supreme Court of the state the determination of the applicability of the act of 1925 to this viaduct; that this was done because such question was one of "state law"; that the state court examined this matter and decided that the act was not applicable, because it did not govern construction authorized by the commission before the act became effective. Thus we have not only the general construction of the applicability of the act, but we have the rule applied to this very structure, and that court concluded "that the

act of 1925 does not apply to the subject of this controversy."

The present controversy is precisely the same as then before those courts. The only difference is in the parties presenting it. Those decisions and opinions rule the matter before us adversely to the appellant.

The decree is affirmed.