## MISSOURI, KANSAS & TEXAS RY. CO. v. FLOWERS.

No. 28743.   March 5, 1940.

Rehearing Denied April 30, 1940.

*101 P. 2d 816.*

E. G. McComas, of Elk City, and H. M. Thacker, of Mangum, for plaintiff in error.

H. C. Ivester, of Sayre, for defendant in error.

GIBSON, J. This is an action to recover for damages to plaintiff's truck resulting from a collision with defendant's freight cars. Defendant appeals from a judgment rendered on verdict for plaintiff.

Defendant says there was no evidence produced to indicate actionable negligence on its part, and that the evidence on the part of plaintiff shows that the accident was the proximate result of the latter's own negligence. Error is charged to the court's action in overruling defendant's demurrer to the evidence and to the denial of its request for an instructed verdict.

The evidence on the part of plaintiff was that the accident occurred in the outskirts of the city of Mangum where the highway crosses the railroad switches of the defendant. The truck was being driven by one Cecil Jackson, plaintiff's agent, and was carrying a reasonably heavy load. Jackson approached the tracks aforesaid on a down grade and was going about 25 or 30 miles per hour; a small building standing near the crossing and belonging to a gin company obstructed his view; when he had approached to a distance of 100 feet or more from the switch, some freight cars were pushed across the highway directly in his path. He attempted to avoid crashing into the side of the cars by turning his truck toward an open space between the aforesaid building and the tracks, but was unable to properly make the turn. As a result he crashed into said buildings, thence into one of the defendant's freight cars. These impacts knocked the building from its foundation and pushed the freight car off the tracks and tore up one steel rail. The truck was demolished.

And further, Cecil Jackson knew the railway was there; he had crossed it many times over a period of years. He testified that the time in question he was not thinking of trains as he approached the tracks, and had speeded up the truck after crossing another railroad some 500 feet from the defendant's tracks. He heard no locomotive bell, no whistle; saw no flagman or other warning of any kind before he saw the freight cars across the highway.

In view of the foregoing evidence, the trial court should have instructed a verdict for defendant.

The defendant had a perfect legal right to push its freight cars along their tracks and across the highway. In so doing it violated no legal duty toward the driver of the truck, unless, perhaps, failure to sound warning constituted a breach of duty. Section 11961, O. S. 1931, 66 Okla. Stat. Ann. § 126. Ordinarily, the question whether proper warning was given in such case is for the jury. St. Louis-San Francisco R. Co. v. Robinson, 99 Okla. 2, 225 P. 986. But there must be positive evidence on the part of plaintiff that no such warning

was given if he expects to establish negligence in that respect. Negligence is never presumed. Here the driver of the truck testified that he heard neither bell nor whistle. That evidence standing alone is negative in character and does not constitute evidence that no warning was sounded. It must be accompanied by evidence to show that the driver was in a position to hear and was giving special attention to the matter. The value of such testimony depends entirely upon the latter facts. St. Louis-San Francisco R. Co. v. Robinson, supra. There, in speaking of the statement of plaintiff that he heard no signal, this court said: "The value of such testimony depends upon whether plaintiff was in a position to hear, had opportunity to see, and was giving special attention to the matter at the time."

But the truck driver said that he was not thinking anything about a train; that he was traveling down grade at a speed of 25 or 30 miles per hour toward defendant's railway tracks, which he knew were there. This testimony not only fails to give value to his statement that he heard no warning, but shows that he was himself guilty of negligence. The latter statement was divested of all probative value by his other statement that he was giving no attention to whether a train was near. Thus plaintiff failed entirely to establish primary negligence on the part of defendant in this respect. In addition to that, the driver's failure to look and listen when approaching the railroad, which he knew was there, constituted negligence on his part and was the proximate cause of the accident. Missouri Pacific Ry. Co. v. Merritt, 104 Okla. 77, 230 P. 513. There the rule was stated as follows:

"The presence of a railroad track on which a train may at any time pass is notice of danger to such an extent that it is the duty of a person about to cross the track on a public highway to exercise caution in so doing and to look and listen before crossing, and it is negligence to omit such ordinary precaution."

The driver's own testimony brings him within that rule. And the evidence will permit of that inference alone. The court should not have submitted the cause to the jury, and therefore erred in not sustaining defendant's request for instructed verdict.

The judgment is reversed.

BAYLESS, C. J., and OSBORN, DAVISON, and DANNER, JJ., concur. RILEY and HURST, JJ., dissent. WELCH, V. C. J., and CORN, J., absent.