**CHICAGO, R. I. & P. R. CO. et al. v. McDOUGAL.**

No. 35759.

Supreme Court of Oklahoma.

Sept. 22, 1953.

Rehearing Denied Nov. 3, 1953.

H. I. Aston, McAlester, Savage, Gibson & Benefield, Oklahoma City, for plaintiffs in error.

Bell & Tucker, McAlester, for defendant in error.

JOHNSON, Vice Chief Justice.

The parties occupied reverse relative positions in the trial court, and they will be so referred to herein.

The plaintiff, Alvie McDougal, sued the Rock Island Ry. Co. for $10,953.82 for damages to his truck and personal injury sustained by him when defendant's Diesel switch engine backed into his truck while he was crossing the defendant's track on the outskirts of Hartshorne, Oklahoma, on March 31, 1951, just after dark.

Plaintiff alleged inter alia that defendant failed to keep a proper lookout for plaintiff; failed to give him warning of the approach of its engine in that it did not sound the whistle or ring the bell of the engine, and permitted weeds, trees and other vegetation to grow in the vicinity of the tracks resulting in the obstructed view of approaching trains. Defendent answered denying all alleged acts of negligence, interposed the defense of contributory negligence, and alleged that the sole proximate cause of the collision was the fault of plaintiff in that he negligently approached the railroad grade crossing without maintaining a proper lookout and that he operated his truck in such manner that he could not stop within the assured clear distance ahead; that had he used ordinary care he could have observed the engine approaching the crossing and avoided the collision.

Upon these issues the cause was submitted to the jury resulting in a verdict in favor of plaintiff for $2,000. The trial court rendered judgment accordingly. From this judgment the defendant appeals.

Errors claimed are that the court erred in overruling the defendant's demurrer to plaintiff's evidence, its request for a directed verdict, and in refusing to give its requested instruction on assured clear distance doctrine.

Defendant contends that the presence of a railroad track on which trains may at any time pass is notice of danger to such an extent that it is the duty of all persons about to cross the track on a public highway to look and listen before crossing and that it is negligence per se to omit such precaution, citing in support thereof, Missouri, K. & T. Ry. Co. v. Flowers, 187 Okl. 158, 101 P.2d 816, and other cases of similar import. It is conceded, however, that ordinarily the question of whether proper warning was given of approaching train is for the jury, but that there must be positive evidence on the part of plaintiff that no such warning was given if he expects to establish negligence in that respect, negligence not being presumed. Id. In the Flowers case, supra, in reversing jury's verdict for plaintiff, it was held that a railroad was not liable for damages to a truck which collided with freight cars which were pushed across highway, where testimony of the truck driver that he was aware of crossing but was giving no attention to whether a train was near and that he was proceeding down grade at a speed of 25 or 30 miles per hour which negatived his testimony that he heard no warning signal. But in the instant case, defendant's argument that there was no positive evidence of its failure to give warning is untenable because the plaintiff testified positively that no warning by whistle or bell was given; that he looked to see if there was a train approaching before attempting to drive across the track; that he never saw or heard the train, though he looked and listened for that purpose. His companion who was riding with him testified that she saw no lights and heard no whistle, but that after the truck was struck by the engine

the bell rang three times. Other witnesses testified that they heard no whistle or bell and others testified that they did. The engineer and his crew testified that the engine's lights were on, the whistle was blowing and the bell was ringing as they approached the crossing from a distance of 400 to 450 feet, before and until reaching the crossing. Plaintiff's evidence shows that he was in a position to hear and see and was giving special attention as to approaching trains, thus invoking the rule announced in St. Louis-San Francisco R. Co. v. Robinson, 99 Okl. 2, 225 P. 986, and approved in the Flowers' case, supra.

A railway company is charged with the duty of having headlights on its locomotives used after dark, 66 O.S.1951 § 95, and with giving warning by whistle or bell when approaching highway crossings, 66 O.S.1951 § 126; and, under conflicting evidence on the issue of whether the negligence of the railroad company in failing to do as charged, or the negligence of the plaintiff in failing to look and listen before driving onto defendant's truck was a question for the jury, and, in the absence of legal errors, a jury's verdict and judgment based thereon will be affirmed if there is any evidence reasonably tending to support it. Chicago, R. I. & P. Ry. Co. v. Richerson, 185 Okl. 560, 94 P.2d 934. See also Kansas O. & G. Ry. Co. v. Collins, Okl., 251 P.2d 178.

The question of the degree of care required of a railroad company to avoid an accident or collision with a motorist at one of its highway crossings in a situation, as herein, and the question of whether its failure to exercise care incumbent upon it was the proximate cause of the accident, are questions for the jury where reasonable men may differ as to what facts the evidence establishes and the reasonable inferences to be drawn therefrom and the record herein invokes this rule. Richerson, Robinson and Collins cases, supra.

The contention of the defendant that the court erred in refusing its requested instruction on the assured clear distance doctrine is without merit as there was no evidence or circumstances invoking the rule.

Finding no substantial legal errors, the judgment is affirmed.