**MISSOURI–KANSAS–TEXAS RAILROAD COMPANY, a Corporation, Plaintiff in Error,**

v.

**Chester Dean KISER, Defendant in Error.**

**No. 40808.**

Supreme Court of Oklahoma.

Sept. 12, 1967.

Rehearing Denied Nov. 7, 1967.

Certiorari Denied April 29, 1968.
See 88 S.Ct. 1636.

Second Rehearing Denied Jan. 16, 1968.

Lloyd W. Jones, Gen. Atty. for Missouri-Kansas-Texas Railroad Co., Denison, Tex., A. James Gordon, and Leon G. Belote, McAlester, for plaintiff in error.

Alan B. McPheron, Durant, Jake Hunt, Oklahoma City, for defendant in error.

PER CURIAM:

This cause arose from a collision between a railroad train operated by the Missouri-Kansas-Texas Railroad Company and a road roller being used on highway construction operated by Chester Dean Kiser. The parties will be referred to by their trial court designation. The plaintiff, Chester Dean Kiser, offered evidence to support his cause of action, the defendant, Missouri-Kansas-Texas Railroad Company, demurred to the evidence of the plaintiff, which demurrer was overruled and the defendant elected to stand on the demurrer.

The cause comes here on appeal by the defendant from the order overruling the motion for new trial, which was based on the trial court overruling the demurrer to the evidence.

The evidence of the plaintiff reflected him to be employed by the McKnight Construction Company in the construction of Highway #75–A, the duties being pursued at the time of the accident consisting of the pulling of a road roller or packer on the newly constructed roadway; and at the time of the accident such work was being performed back and forth across the railroad crossing at which the alleged accident occurred. The course of conduct being followed by the plaintiff was driving over the crossing in one direction, making a turn and driving the packer in the opposite direction over the crossing and continuing this course of conduct until the accident occurred. There appeared to be no operating defects in the vehicle being operated by the plaintiff.

A witness, Thomas Morris Hamilton, highway patrolman, testified of the circumstances found at the scene of the accident and related that the measured distance from the railroad crossing and the point of impact to the point ascertained as the position in which the engineer stopped, as being seven hundred sixty-nine feet (769′), and that portions of the packer were knocked ninety-nine feet to two hundred fifty feet (99′ to 250′) away from the point of impact.

The medical testimony is not reviewed nor considered at this point since the question of injury and quantity of damages does not appear to be urged in the brief of the defendant.

Arlan Edward Whittington testified for the plaintiff that he was driving a truck, waiting at a set of weighing scales along the side of the railroad track; that he had seen the train shortly before pulling up to the scales; that he heard no signal, whistle or anything until just before the impact with the plaintiff. He further testified that if the train was whistling or had whistled before the point of impact, he did not hear it; however, that he had no trouble hearing the train whistle just before the point of impact. He did not actually see the impact. On cross-examination, the witness testified that he became aware of the approach of a train about the time that he stopped his truck; that he did not know whether his windows were up or down, and that although he saw the train coming, he was not paying particular attention because he was not anticipating crossing the tracks. He further testified on cross-examination that he would not say the train had not whistled before the time he heard it; but simply that if it whistled, he did not hear it.

The witness Glenda Castle testified for the plaintiff that she was sixteen (16) years old, familiar with the crossing involved in the accident; that she and some of her friends were walking about one-third (1/3) of a block away from the railroad track and apparently were walking toward the railroad crossing; that she heard the train whistle, looked up and the impact occurred. She testified this was the first time she heard the train whistle. On cross-examination she testified she was not looking for the train, that it might have whistled before, but if so, she did not hear it.

The witness Carolyn Taylor, seventeen (17) years old, testified that she was walking with the witness Glenda Castle toward the railroad crossing, heard the train whistle blow, looked up, a comment of danger was made, and the impact occurred. She stated she had not been paying any attention to the train or anything before that time, and that her attention was attracted by the train whistle.

The witness Nath Work testified that the crossing was a clear crossing, that he drove up to the set of scales south of the road and west of the railroad track and stopped; that at the time he stopped he heard a train whistle and the collision happened as he looked up; that he had no trouble hearing the train whistle at the

time. On cross-examination, he testified that his left window was down but the right window was closed in his vehicle; that he was interested and thinking about getting his truck weighed and going back for additional gravel; that he was not watching for the train, was not listening for a whistle to blow, and that he did not know whether or not the train had whistled before he stopped his truck.

At the close of plaintiff's evidence and the overruling of defendant's demurrer, the defendant elected to stand on the demurrer, offered no evidence and the court instructed the jury, which thereafter returned a verdict for the plaintiff.

It is the contention of the defendant that the evidence of the plaintiff in regard to the duty and violation thereof, of the defendant to blow a whistle or sound a bell eighty rods (80 rds.) prior to the railroad crossing, is not supported by probative evidence, but that all of the evidence introduced was negative evidence without probative value, and that the demurrer to the evidence should have thus been sustained.

 The contention of the defendant does not give to the plaintiff's evidence and all inferences properly taken therefrom, the probative force to which such evidence is entitled. Four witnesses testified that they heard the whistle immediately before impact; that they did not hear a whistle before that time. There was sufficient competent evidence for the jury to find that the train made no sound or signal sufficient to draw their attention to its presence prior to the whistle immediately before impact. It is to be noted that the verdict of the jury is such that the ability to know and observe the happening of the event in question, viz, the blowing of a whistle eighty rods (80 rds.) from the railroad crossing, was determined in favor of the plaintiff. The probative value of the evidence was apparently weighed by the jury. The proximity of the witnesses to the scene, the physical ability to hear of the witnesses, and their attention or inattention to the warning whistle or other signal were all determined, under proper instructions, in favor of the plaintiff. When a witness was in a position to make observation as to whether a certain fact existed or a certain thing happened, and he testified that he did not know of the existence of the fact or did not observe that the thing happened, his testimony is not negative, but has probative force and must be submitted to the jury.

This court has previously held in Ft. Smith & W. R. Co. v. Moore, 66 Okl. 322, 169 P. 904, under a set of facts in which a number of bystanders swore that neither the bell rang nor the whistle sounded until the danger of the plaintiff actually appeared, that such testimony was not purely negative; but, whether positive or negative, it was within the province of the jury to determine the facts after considering all of the evidence in light of the surrounding circumstances. We said in this case, page 908,

"If persons are in hearing distance of an alleged sound, and it does not appear that their hearing is impaired, their testimony as to whether or not a sound was made should be considered by the jury. If, when the engineer on a railway train testified that he sounded the bell or whistle for a crossing, his testimony could not legally be disputed by other witnesses testifying that they were close enough to hear and that the bell was not rung or the whistle blown, in many cases there would be no way of establishing this character of negligence."

The applicable factual circumstances are that the witnesses in the cited case testified they did not hear the whistle prior to the danger, but that they did hear the whistle when the danger to the plaintiff actually appeared and this is a determinative factor in the instant case.

In the case of St. Louis-San Francisco Ry. Co. v. Rundell, 108 Okl. 132, 235 P. 491, this court accepted the proposition that the testimony of one who was physically able to hear in such proximity as to permit hearing and whose attention was

not so diverted from the circumstances as to have prevented the hearing of a whistle, was a positive statement of fact, though negative in form.

■ In St. Louis-S. F. Ry. Co. v. Russell, 130 Okl. 237, 266 P. 763, this court followed the proposition set forth in the Rundell case, supra, and applied this proposition of law to the testimony of two witnesses, the first who was one hundred fifty feet (150') from the railroad crossing involved, and the second who testified that although he heard the short blast given by the train just before the impact, he did not hear any other whistle and bell between the highway and the Santa Fe crossing; and his further testimony was that the train could have whistled shortly after crossing the Santa Fe tracks and escaped his hearing. In the cited case, it was held that such evidence was sufficient for the submission of the cause to the jury and such evidence, though negative in form, was positive as to character. See also St. Louis-San Francisco Ry. Co. v. Robinson, 99 Okl. 2, 225 P. 986; Kugler v. White, 91 Okl. 130, 216 P. 903; Sand Springs Ry. Co. v. McWilliams, 170 Okl. 85, 38 P.2d 539. It is more than noteworthy in the instant case that all of the witnesses who testified for the plaintiff stated that the whistle of the train, immediately before the impact with the plaintiff, was clearly audible, and this fact alone is sufficient proof that all the witnesses were in a position to hear a train whistle, possessed an ability to hear the train whistle and were giving such attention to the railroad as to satisfy the requirements of all of the cited cases. From the fact that the witnesses did hear the train whistle immediately before the impact the jury may properly infer that the witnesses were in the position to hear, possessed the ability to hear, and were giving such attention to the train and crossing that had the train whistled or indicated its presence by other signal eighty rods (80 rds.) before the crossing in question, the witnesses would each have heard the whistle, or other signal.

■ Defendant further contends that there is an entire absence of evidence relating to the ringing of a bell. The testimony of the four witnesses that their attention was first drawn to the train by the whistle immediately before impact and the finding of the jury that the statutory signals, blowing whistles and ringing bells, were not complied with by the defendant, necessarily includes a reasonable inference or conclusion that there was no signal, including the ringing of a bell of at least thirty pounds weight, prior to the blast of the whistle which everybody heard. In support of this contention, defendant cites Missouri, Kansas & Texas R. Co. v. Flowers, 187 Okl. 158, 101 P.2d 816. In the Flowers case, supra, the court held that the evidence of the driver that he heard neither bell nor whistle before driving his truck into the train did not constitute sufficient evidence, standing alone, under all the circumstances presented therein, that no warning was given. We held in Wilson v. Chicago R. I. & P. R. Co. et al., Okl., 429 P.2d 763, that the testimony of a witness, standing alone, who was located about a quarter of a mile from the railroad track working near two motors, that he did not hear a whistle was insufficient evidence to prove the train did not whistle. These cases are distinguishable on their facts to the instant case in which four witnesses in a position near the crossing testified to not hearing a signal. It appears reasonable that, had any signal been given prior to the point of impact, such signals would have been noticed.

There being no other error urged in this appeal, the judgment of the trial court is affirmed.

The court acknowledges the services of Frank M. Ogden, who with the aid and counsel of Robert H. Loofbourrow and Don Dale, as Special Masters, prepared a preliminary advisory opinion. These attorneys had been recommended by the Oklahoma Bar Association and appointed by the court. The Chief Justice then assigned the case to McInerney, J. for review and

study, after which and upon consideration by the court, the foregoing opinion was adopted.

JACKSON, C. J., IRWIN, V. C. J., and DAVISON, WILLIAMS, BLACKBIRD, BERRY, LAVENDER and McINERNEY, JJ., concur.