Betty Sue **SMITH,** Administratrix of the Estate of Paul Junior Smith, Deceased, Appellant,

v.

**CHICAGO, ROCK ISLAND AND PACIFIC RAILROAD COMPANY** and Leon Casey, Appellees.

No. 42776.

Supreme Court of Oklahoma.

May 9, 1972.

Rehearing Denied July 5, 1972.

John E. Wheatley, Yukon, Smith, Smith & Cook, Oklahoma City, for appellant.

Porta & Weaver, El Reno, Savage, Gibson, Benefield & Shelton, Oklahoma City, for appellees.

JACKSON, Justice.

We agree with the Appellate Court that this case must be reversed and remanded for new trial. However, we have granted certiorari because we are fearful that the Appellate Court's view of a proper instruction on contributory negligence may be misleading to the trial court. The Appellate Court expressed the view that it is for the jury to determine whether contributory negligence exists, and if the jury finds contributory negligence exists, the jury has the discretion of denying plaintiff any recovery, or permitting plaintiff to recover irrespective of plaintiff's contributory negligence, citing Sisler v. Jackson, Okl., 460 P.2d 903. That view appears to embrace the conclusion that the defense of contributory negligence presents both questions of fact and law for determination by the jury. We do not hold that view.

In *Sisler* the trial court used the permissive "may" (as distinguished from "should" or "must") in reference to plaintiffs' contributory negligence. We did not approve the permissive "may" in that case but excused it in view of the comprehensive statement of law applicable to contributory negligence contained in the trial court's instruction No. 5.

In Dickinson v. Cole, 74 Okl. 79, 177 P. 570, this court concluded from the evidence that the sole act of negligence of the engineer of defendant's train was that the train was exceeding the City's authorized speed limit for trains. Proof that the train was exceeding the authorized speed established primary negligence. However, it is apparent from the opinion that this court was of the view that the deceased was contributorily negligent and that his negligence caused his death. Therein we said: " * * *. Were it not for article 23, § 6, of the State Constitution, which provides that 'the defense of contributory negligence or of assumption of risk shall, in all cases whatsoever, be a question of fact, and shall, at all times, be left to the jury,' it would be necessary to hold as a matter of law that the negligence of plaintiff precludes a recovery." What we did hold was that there was evidence of contributory negligence, and under Article 23, § 6, Const., it was the duty of the court to let the jury determine whether there was in fact contributory negligence, and if so, whether this negligence was the cause of the death, or contributed thereto.

The receiver for the railroad company (Dickinson) contended in this court and in the Supreme Court of the United States that the railroad company had a vested right in the common law defense of contributory negligence which (he contended) was made permanent, or frozen in, by the 14th amendment to the U. S. Constitution. Both courts rejected that view.

The Supreme Court of the United States simply affirmed this court's holding that article 23, § 6, did not contravene the 14th Amendment of the Constitution of the United States. Chicago, R. I. & P. R. Co. v. Cole, 251 U.S. 54, 40 S.Ct. 68, 64 L.Ed. 133. That court may disagree with a state court's interpretation of its own constitution but will follow the state court's interpretation. Hawks v. Hamill, 288 U.S. 52, 53 S.Ct. 240, 77 L.Ed. 610, 616. In regard to the construction of state laws, where no federal questions are involved, the state

court "has the last word." Detroit & M. R. Co. v. Fletcher Paper Co., 248 U.S. 30, 39 S.Ct. 13, 63 L.Ed. 107.

What language should be used in contributory negligence instructions (whether "may", "should" or "must") has received attention in writings by members of the Oklahoma Bar in recent years. See Article by Jefferson G. Greer in 40 O.B.J. 1781 (1969), and the Author's Comment in the 1969 Pocket Part of 6 Vernon's Oklahoma Forms § 6935, by Richard K. McGee. Mr. Greer cites St. Louis-San Francisco Ry. Co. v. Robinson, 99 Okl. 2, 225 P. 986, and Dickinson v. Cole, supra, as supporting his view that the defense of contributory negligence is a question of fact and law for the jury.

The year 1934 marks a departure from some of our earlier decisions. In 1934 in Miller v. Price, 168 Okl. 452, 33 P.2d 624, this court gave very careful consideration to the construction it had earlier given to art. 23, § 6, Oklahoma Constitution. In discussing the problem the court quoted from Gourley v. City of Oklahoma City, 104 Okl. 210, 230 P. 923, as follows:

"The defense of contributory negligence under section 6, art. 23, of the Constitution, being made a question of fact to be determined by the jury, it is the duty of the court in such cases, where an instruction on this theory is asked, to instruct the jury that one who has negligently contributed to his own injury cannot recover, and a refusal to give such instruction when asked is error."

We then said: "Other cases to the same general effect are: * * * St. Louis-S.F. R. Co. v. Robinson, 99 Okl. 2, 225 P. 986; * * *."

We concluded that the rule laid down by the prior decisions, when literally applied, was too broad and would result in confusion in cases tried by juries. Therein we said:

"We cannot follow in full the construction heretofore placed on said constitutional provision, notwithstanding the

numerous cases in which said provision was considered * * *."

In the Miller case the defendant had pled contributory negligence and the trial court gave an instruction on contributory negligence, although there was no evidence of contributory negligence. The jury found for the defendant and plaintiff appealed. After reviewing previous decisions the court said:

"* * * From a review of the above cases, it is apparent that we have approached this intolerable position: That whenever contributory negligence is pleaded it is the duty of the court to instruct the jury thereon, even though there is no evidence whatever presented to support such allegation, or from which contributory negligence may be inferred. We cannot assent to such a doctrine. * * * It was not the intention of the framers of the Constitution to confer judicial power on the jury but rather to emphasize the fact that the jury is the trier of the facts, and that, in so far as contributory negligence and assumption of risk are concerned, the facts upon which said defense are based would be passed upon by a jury without interference on the part of the court."

■ We followed Miller v. Price, supra, in Goodridge v. Davis, Okl., 345 P.2d 894, and concluded that the trial court has a duty and function to perform in regard to contributory negligence just as it does in regard to primary negligence. We said the trial court must determine whether the issue of contributory negligence is to be submitted to the jury. In making that determination we said (*in Goodridge*) that the trial court applies the same test as is applied in determining whether to submit to the jury the issue of primary negligence and proximate cause. Thus, the jury is to be clearly instructed that if they find and believe from the evidence that primary negligence and proximate cause have been established, then their verdict *should* be for the plaintiff; but if they do not so find, or do find from the evidence that plaintiff was contributorily negligent as defined in the instructions, then their verdict *should* be for the defendant. Whether the court uses the word "should" or "must" is not of great importance. Either word will inform the jury that the plaintiff is not entitled to a verdict until there is proof of primary negligence on the part of the defendant which caused plaintiff's injuries. Either word used in the contributory negligence instruction will inform the jury that plaintiff is not entitled to a verdict if they find and believe from the evidence that the plaintiff was negligent and that his negligence caused or contributed to his injuries. Whichever word is selected ("should" or "must") it is desirable that it be used in the instructions relating to both primary and contributory negligence.

■ Mr. McGee, in the Author's Comment which we have cited, relied upon the Cole and Robinson cases, supra, together with Layton v. Rocha, 90 Ariz. 369, 368 P.2d 444, to justify the use of language in a contributory negligence instruction that "your verdict *may* be for the defendant." The Miller case, supra, established at least three rules of law. (1) The defense of contributory negligence, although pleaded, is not a defense until there is some evidence of contributory negligence; (2) if there is any evidence of contributory negligence it is within the exclusive province of the jury to determine whether there was in fact contributory negligence, and if so, whether the contributory negligence caused or contributed to the injuries; and (3) that the defense of contributory negligence is not a question of law for the jury.

We have examined the Layton case and note that the Supreme Court of Arizona tolerated the use of the word "may" but stated unequivocally, "* * * We think the preferable form is that in the event of contributory negligence the jury 'should' find for the defendant."

The cause is reversed and remanded to the trial court with instructions to give contributory and primary negligence instructions which use the word "should" or "must" as distinguished from the word "may".

All the Justices concur.