# Third District Court of Appeal

## State of Florida

Opinion filed July 13, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-1917
Consolidated:  3D14-1868, 3D16-1368
Lower Tribunal No. 10-27673

_____

**Guy B. Bailey, Jr.,**

Appellant/Cross-Appellee,

vs.

**The State of Florida,**

Appellee/Cross-Appellant.


Appeals from the Circuit Court for Miami-Dade County, Milton Hirsch, Judge.

Lawrence R. Metsch, for appellant/cross-appellee.

Pamela Jo Bondi, Attorney General, and Douglas J. Glaid, Senior Assistant Attorney General, for appellee/cross-appellant.


Before SHEPHERD, LAGOA and FERNANDEZ, JJ.

SHEPHERD, J.

Guy Bailey, Jr., appeals his conviction for grand theft, the act of theft being the pillage of $700,000 held by him in trust for his clients. The State cross-appeals the downward departure sentence imposed by the trial court, which spared Bailey jail time for his infraction. On these two appeals, we affirm the conviction but reverse the downward departure sentence with the direction to the trial court to impose a guidelines sentence on Bailey of between twenty-one months and thirty years, as calculated on his Criminal Punishment Code Scoresheet. A fortiori, we also reverse the more recent order of the trial court revoking Bailey's probation and imposing sentence, upon a determination that Bailey violated a condition of his probation by failing to pay restitution to the victims of his theft.[1]

**The Conviction**

The only point of error raised by Bailey on his appeal from the conviction in this case is prosecutorial misconduct during rebuttal closing argument to jury. During her rebuttal closing argument, the prosecutor argued as follows:

So where is the misunderstanding?

It's simply an attempt, ladies and gentlemen, it's an attempt by the Defense to use the word, misunderstanding.

And, ironically, you will find that word in an Instruction in this case, and it is more legal mumbo-jumbo.

---

[1] Bailey separately appealed from this order in Case No. 3D16-1368, which the court sua sponte consolidates with the two prior appeals, Case Nos. 3D14-1917 and 3D14-1868. We also note this is not the first time this case has appeared before us. See Bailey v. State, 187 So. 2d 911 (Fla. 3d DCA 2016).

So if there was an Agreement, then what is the misunderstanding?

**Lawyers take money, and they lie. So when is a lawyer lying? It's when they open their mouth. These are terms that we hear all of the time.**

MR. PERTIERRA: Judge, it's totally improper.

THE COURT: State your objection.

MR. PERTIERRA: It's totally improper, Judge, Counsel's comments.

THE COURT: Thank you. Please be seated. No reference is being made to any lawsuit. **These, again, are just comments by an attorney and not considered by you to be evidence. Please, let us proceed.**

MS. DUNNE: **Lawyers are often the butts of jokes. They are the recipients of phrases and this happens because of the fact that we have a bad reputation.**

**So, Mr. Bailey exemplifies that because of the actions that he did in this case to the Levrants.**

(Emphasis supplied).

While we find this comment by the prosecutor to be improper and unnecessary "typification" of the defendant, see Perez v. State, 689 So. 2d 306, 307 (Fla. 3d DCA 1997) ("Because our system treats persons on their own individual merits, it is always wrong to call witnesses or defendants names by citing them as examples of a criminal 'type.'"), we find that it does not rise to the level of reversible error for several reasons. First, defense counsel did not properly preserve the objection for appeal. See Allen v. State, 662 So. 2d 323,

3

328 (Fla. 1995) ("To preserve an allegedly improper prosecutorial comment for review, a defendant must object to the comment and move for mistrial."); Nixon v. State, 572 So. 2d 1336, 1340 (Fla. 1990) ("[T]o preserve a claim based upon improper comment, counsel has the obligation to object and request a mistrial. If counsel fails to object or if after having objected fails to move for mistrial, his silence will be considered an implied waiver."); Puentes v. State, 658 So. 2d 171, 172 (Fla. 3d DCA 1995).[2] Second, the improper comment constituted an isolated occurrence during the course of the entire final argument. See Smith v. State, 7 So. 3d 473, 509 (Fla. 2009). Finally, the trial court exercised its discretion in giving a curative instruction, reminding the jury that what attorneys say is not to be considered as evidence. See Jennings v. State, 124 So. 3d 257, 265-66 (Fla. 3d DCA 2013). The evidence of Guy Bailey's guilt was substantial and enabled the jury to easily reject Bailey's defense that the entire episode was a "misunderstanding" between him and his clients. More than five years passed from the time Attorney Bailey stole $700,000 from his clients to the date of his

---

[2]Bailey argues that defense counsel preserved the error when he "renewed" his motion for mistrial after the close of the evidence. The record does not support his assertion. Bailey's objection during final argument was a general objection. There was no motion for mistrial made at the time. A careful review of the record suggests that mistrial motion "renewed" at the close of the evidence referred to an instance when the judge had "admonished" defense counsel in front of the jury during his direct examination of Defendant. The "renewed" motion clearly could not, and did not, relate to the prosecutor's comments at closing as no motion for mistrial was made during final argument.

trial. Repayment was promised – many times promised – but not a farthing was offered.

**The Sentences**

By virtue of Bailey's violation of the condition of his probation, we have two sentences for review. In the first sentencing proceeding, the trial judge labored mightily to spare Bailey jail time, discoursing through thousands of years of penological thought from Plato's Protagoras (380 B.C.) ("[N]o one punishes the evil-doer under the notion, or for the reason, that he has done wrong, only the unreasonable fury of a beast acts in that manner. But he who desires to inflict rational punishment does not retaliate for a past wrong which cannot be undone. . . .") to the deontological, see generally, H.L.A. Hart, Punishment and Responsibility (1968). However, contrary to the writings of these philosophers, the Shakespearean-like angst of the trial judge, and the fury of beasts notwithstanding, we have no difficulty preferring in each of their steads the prevenient principles of punishment enunciated by our controlling muse, the Florida legislature, which has instructed that "[t]he primary purpose of sentencing is to punish the offender," § 921.002(1)(b), Fla. Stat. (2010), and that under our system, "the punishment must fit the crime." § 921.002(1)(c), Fla. Stat. (2010) ("The penalty imposed [shall be] commensurate with the severity of the primary offense.").

Turning then to Florida law, our Criminal Punishment Code plainly instructed the trial judge what punishment fits the crime in this case – twenty one months to thirty years in state prison. The Code also instructs that "the lowest permissible sentence calculated pursuant to the Criminal Punishment Code Scoresheet is assumed to be the lowest appropriate sentence for the offender being sentenced." § 921.00265, Fla. Stat. (2010). "A departure sentence is prohibited unless there are mitigating factors as provided in s. 921.0026 which reasonably justify a departure." Id. Characterizing Bailey as a once prominent lawyer and "leader in the civic affairs," the trial judge offered Bailey the opportunity of a lifetime – no prison time provided that he repay just some, even a few dollars in good faith, of the money he stole. The court based its decision on subsection 921.0026(2)(e), which permits a downward departure sentence where "[t]he need for restitution to the victim outweighs the need for a prison sentence." On appeal, Bailey concedes that the evidence does not support this exception because the victims in this case are men of means, and the departure is not otherwise supported by the record. Instead, Bailey makes the Tipsy Coachman – better known in this court by its updated equivalent, the "Drunken Cabbie" – argument, that the sentence imposed may be affirmed under subsection 921.0026(2)(d) because Bailey "requires specialized treatment for . . . physical disability, and . . . is amenable to treatment." However, that too is totally unsupported by the record. It

is true that Bailey is suffering the infirmities of age but he does not need any specialized treatment for his ailments. He may need a little more assistance than a younger inmate, but one does not age out of the criminal process. In fact, one of the reasons Bailey is being sentenced at the age of 77 is that the State and trial court postponed his prosecution based upon promise upon broken promise that given time, he would repay the amount he stole from the victims in return for the charges being dropped.

By virtue of this analysis and reversal of Bailey's initial sentence, the second sentence imposed following the probation revocation becomes a nullity as a matter of law.

**CONCLUSION**

White collar crime is as much an offense against "the King's peace," or, as we say in these more modern times, "the peace and dignity of the State of Florida," as any other crime and should be treated as such by the official charged with fashioning the appropriate punishment to fit the crime and the criminal. In short, there should be no "breaks" given to Bailey simply because the crime he committed might generically be referred to as "white collar." This is not a valid consideration under the Criminal Punishment Code, see section 921.0022, Florida Statutes (2010), or in applying the Code via the Criminal Punishment Code Scoresheet, see Fla. R. Crim. P. 3.704, 3.992. As the first Chief Justice of the

7

United States Supreme Court, John Jay, aptly put it, "Justice is indiscriminately due all, without regard to numbers, wealth, or rank." <u>Georgia v. Brailsford</u>, 3 U.S. 1, 4 (1794).

For this, and the additional reasons set forth above, we reverse and remand this case for the imposition of a prison term within the guidelines set forth in Bailey's Criminal Punishment Code Scoresheet.